**Don S. NOBLE, Petitioner,**

v.

**Honorable Ray MARSHALL, Secretary of Labor, Respondent.**

**No. 79–7643.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1981.

Decided July 13, 1981.

which he worked for Louisiana-Pacific Corporation, his last employer. The Secretary reversed an earlier ruling by an Administrative Law Judge (ALJ) that Noble's benefits under § 207(a) could be computed by looking to the hours worked for his employer, or to the hours worked for a previous employer, Redwood Construction Company (Redwood), because both companies were "affected employers" for whom he had worked within five years of enactment of the Act. Noble appeals. We affirm the decision of the Secretary.

## I

The facts are not in dispute. On April 17, 1968, Noble was hired as a truck driver by Redwood, an affected employer[2] within the meaning of the Redwood Act. He worked continuously for that company until April 23, 1976, when he took a similar but higher-paying job with Louisiana-Pacific, also an affected employer. He was laid off by Louisiana-Pacific on November 3, 1978, and soon thereafter sought benefits. As of March 27, 1978, the effective date of the Act, Noble had completed over five years of creditable service with Redwood but less than five years with Louisiana-Pacific. The Secretary limited the computation of his benefits to the period he had worked for Louisiana-Pacific.

William F. Ferroggiaro, Jr., Eureka, Cal., for petitioner.

Mary S. Elcano, Washington, D. C., for respondent.

Before TANG and POOLE, Circuit Judges, and LUCAS,* District Judge.

POOLE, Circuit Judge:

The Secretary of Labor issued a decision which held that in calculating layoff benefits under § 207(a) of the Redwood National Park Expansion Act of 1978 (Act), 16 U.S.C. § 79b,[1] appellant, Don S. Noble's base period of eligibility would be that period during

## II

The Act increased the acreage of Redwood National Park and provided economic assistance in the form of weekly layoff benefits, severance payments, relocation allowances and retraining programs to employees whose jobs were affected by the expansion.[3] To be eligible for benefits, an employee must have worked for an affected employer and must be both a covered employee and

---

* The Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

1. Portions of the Act which have not been codified appear at 92 Stat. 163 *et seq.* Section references are to the Act unless otherwise indicated.

2. "Affected employers" are designated business entities engaged in the harvest of timber, or in related sawmill, plywood and other wood processing operations in the area. §§ 201(6), 201(7), 201(8), 201(9).

3. For a more general background of the Redwood Act, see *Lanning v. Marshall,* 9 Cir., 650 F.2d 1055.

an affected employee pursuant to §§ 201(10) and 201(11),[4] respectively.

Benefits for employees with five years of creditable service are payable throughout a "period of protection" beginning with the first week the employee is laid off or otherwise affected and continuing until he accepts a severance payment, exhausts his "creditable service," reaches age 65, or until September 30, 1984, whichever occurs first. § 206(a). An employee's "creditable service" is a period equal to the length of seniority accumulated with his last affected employer as of the date the employee becomes affected plus all prior periods during which he had seniority with the same employer and with other industry employers. § 206(b).[5]

Section 207 describes the method used to calculate the amount of weekly layoff benefits to be paid to an eligible employee. The controversy in this case concerns the construction of a typographical error in § 207(a). That section provides, in pertinent part, that:

"* * * the amount of an eligible employee's weekly layoff benefit shall be equal to (1) the annual average of all hours of work performed by said employee for the last affected employer or whom the employee worked prior to the date of enactment of this section during those three of the five calendar years immediately preceding the date during which such hours were greatest . . . ."

The typographical error is the underlined word "or," which the Secretary decided should have been "for." Section 207(b) provides, in pertinent part:

"The weekly benefit amount for an eligible employee with less than five calendar

years of employment with one affected employer immediately prior to the enactment date shall be equal to the lessor of . . . ."

Noting that appellant had completed over five years of creditable service, the ALJ decided that under § 207(a) the computation of appellant's benefits could be based upon hours worked for "the last affected employer or [for] whom the employee worked prior to the date of enactment . . . ." The ALJ pointed out that under § 213(f) the Secretary is to adopt and apply the construction which is most favorable to employees whenever two or more constructions of the statutory language would be reasonable. He concluded that appellant was entitled to have benefits computed by the highest number of hours worked for either affected employer. The Secretary of Labor determined, however, that the intent of the clause is to limit the computation of benefits to the hours worked for the last affected employer. He therefore ruled that the "or" should be read as "for" and concluded that pursuant to § 207(b) only the hours worked for Louisiana-Pacific could be used to compute the amount of benefits to which appellant is entitled.

Section 207(c) provides that the bases for calculating weekly layoff benefits in §§ 207(a) and 207(b) are also applicable to "seasonal" employees, i. e., those who worked in an occupation in which the annual average number of weeks worked was forty or less. The Secretary classified appellant as a seasonal employee for Louisiana-Pacific. If a seasonal employee has completed five years of creditable service for his last affected employer, the formula

---

**4.** Basically, an individual employed by an affected employer is deemed "covered." § 201(10). An employee is considered "affected" if he was laid off, downgraded or terminated by an affected employer between May 31, 1977 and September 30, 1980. § 201(11).

**5.** An employee who has completed at least five years of creditable service on the date of becoming affected is considered long-service. Long-service employees are entitled to weekly layoff and vacation replacement benefits when they are totally or partially laid off. § 205(b).

They may also qualify for severance payments if they are totally laid off. § 208(a). An employee who has completed less than five years of creditable service as of the date of becoming affected is considered a short-service employee and subject to the provisions of § 209. Short-service employees are ineligible for weekly layoff and vacation replacement benefits. However, they are eligible for retraining and, if totally laid off, are entitled to severance payments. (§§ 208(a) and 209(b).)

set forth in § 207(a), subject to a limitation based on the average number of weeks worked, establishes the amount of weekly layoff benefits. However, if he has completed less than five years of creditable service for his last affected employer, the formula set forth in § 207(b) determines the amount of weekly layoff benefits. *See* § 207(c)(1)(B). Appellant's position is that under the ALJ's reading of § 207(a), the time worked for Redwood should be included and that §§ 207(b) and 207(c) are therefore inapplicable.

### III

Appellant contends that § 207(a) requires an examination of the previous five years of employment and a selection of those hours or periods from the three years which are most favorable for an eligible employee. He reasons that the phrase, "the last affected employer," is not restricted to the hours worked (for an affected employer) *immediately* prior to layoff or discharge, but that it allows as an alternative a reference to hours worked for any affected employer within the five year period.

Appellant's position illuminates an apparent inconsistency in the statute amongst the criteria used to establish the kind of benefits to which an employee is entitled,[6] the time period over which they are payable[7] and those used to determine the amount of benefits. Noble has had over five years of creditable service and is a long-service employee. He urges that the Secretary's construction of § 207(a) will effectively nullify the beneficial status he has

attained by virtue of § 206(b), § 209 and through years of service to the forest products industry, and therefore is contrary to the purpose of Congress to benefit those adversely affected by the expansion of Redwood National Park. The Secretary argues that appellant's reading of the statute renders § 207(b) meaningless and totally negates the intended distinction in the calculation of benefits between employees who have worked more and those who have worked less than five years with their last affected employer. He asserts that § 207(b) covers the situation of an employee who, like appellant, has more than five years of creditable service with industry employers, but less than five years with his last affected employer.

The statute is not reasonably amenable to the appellant's suggested construction of § 207(a).[8] One canon of statutory construction is that statutory ambiguities should be resolved in a manner designed to give effect to all parts of a statute. *See, e. g., Rockbridge v. Lincoln,* 449 F.2d 567, 571 (9th Cir. 1971). Appellant's interpretation violates this rule. If § 207(a) covers employees with five years creditable service who have worked for more than one affected employer, then § 207(b) is stripped of meaning. Section 207(b) purports to cover "eligible employees with less than five calendar years of employment with one affected employer...." This language cannot be referring to employees with less than five years creditable service since that employee category does not in any event quali-

6. Pursuant to § 209, the years of employment with *all* industry employers are used to determine whether an employee has long or short-service status and is therefore eligible for full or limited benefits under the Act.

7. *See* § 206(b), discussed in section II.

8. As in the case of *Lanning v. Marshall,* decided today, the parties disagree about our standard of review. As in *Lanning* however, we need not resolve this dispute as it is plain that the Secretary may not adopt an unreasonable construction of the Act such as that proposed by the appellant here. Although section 213(f) of the Act cautions the Secretary against

adopting literal constructions that produce inequitable results, the statute commands the Secretary to adopt an interpretation which is "most favorable to employees" only if the interpretation is "reasonable." The inclusion of this qualification into section 213(f) makes clear that Congress did not mean for the Secretary or the courts to abandon all traditional rules of statutory construction to benefit employees under the Act. Under those time-honored rules of construction, the appellant's interpretation is unreasonable and therefore does not merit special consideration under section 213(f).

fy for layoff benefits under § 209.[9] This leaves only the category of employees who are eligible for benefits (i. e., they have five years of creditable service) and who have worked for more than one "affected employer" while accumulating creditable service. Unless § 207(b) covers this employee category, the section has no meaning or application. The Secretary's interpretation of § 207(a) gives proper effect to § 207(b).

The criteria used to determine the amount of benefits under the Act is not necessarily related to nor interdependent with those used to establish the kind of benefits to which an employee is entitled or the time period over which they are payable. That inconsistency appears to be a matter of Congressional choice rather than a Secretarial determination. Accordingly, the decision is affirmed.

*AFFIRMED.*