In re the Petition of Lloyd E. ASHCOM,
et al., Petitioners,

v.

Honorable Raymond J. DONOVAN, Sec-
retary of Labor, United States Depart-
ment of Labor, Respondent.

In re the Petition of Merel E.
BABCOCK, et al., Petitioners,

v.

Honorable Raymond J. DONOVAN, Sec-
retary of Labor, United States Depart-
ment of Labor, Respondent.

Nos. 81–7182, 81–7587.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1982.

Decided April 14, 1982.

William F. Ferroggiaro, Jr., Eureka, Cal.,
for petitioners.

Margrit Vanderryn, Atty., Washington,
D. C., Deputy Commissioner, San Francisco,
Cal., for respondent.

Before HAYNSWORTH,* Senior Circuit
Judge, and CHOY and SCHROEDER, Cir-
cuit Judges.

CHOY, Circuit Judge:

Employees of Wayne Bare Trucking
Company appeal from the Secretary of La-
bor's determination that they do not qualify
for benefits under the Redwood National
Park Expansion Act, Pub.L.No. 95–250, 92
Stat. 163 (1978).**  The Act increased the
size of the Park and provided economic
assistance to employees displaced by the
expansion.  *Lanning v. Marshall,* 650 F.2d
1055, 1056 (9th Cir. 1981).  However, not
every employee suffering loss is entitled to
benefits.

One prerequisite is that his employer
must have been affected by the expansion.
The Act specifies three types of qualifying
employers: affected woods employers, af-
fected mill employers, and affected contract
employers.  § 201(6).  If Wayne Bare
Trucking Company qualifies, it is as an
"affected contract employer."  Section
201(9) defines this term to mean:

an affected employer providing services
pursuant to contract with an affected
woods employer, if at least 15 per centum
of said employer's employee-hours

---

* The Honorable Clement F. Haynsworth, Jr.,
Senior Circuit Judge, United States Court of
Appeals, Fourth Circuit, sitting by designation.

** Portions of the Act are codified at 16 U.S.C.
§§ 79b–79p.

worked during calendar year 1977 were within or directly related to the expansion area pursuant to such contract or contracts.

The disputed issue is whether the Company satisfied the 15-percent requirement. Appellants contend that the term "directly related" means close geographic proximity, though they do not say how close is close enough. They reason that because the Company's employees worked more than 15 percent of their hours near (but not within) the expansion area, Wayne Bare Trucking Company is an affected contract employer.

We reject this interpretation as unreasonable. *See Lanning v. Marshall*, 650 F.2d at 1057–58 n.4; *Noble v. Marshall*, 650 F.2d 1058, 1061 n.8 (9th Cir. 1981). Congress intended to assist those *directly* affected by the expansion. *See* H.Rep.No. 581, 95th Cong., 2d Sess. 18, *reprinted in* 1978 U.S. Code Cong. & Ad.News 463, 464. Indemnification based on the fact that employees worked *near* the expansion area would not further this purpose. More importantly, giving the statutory language its ordinary meaning, we cannot read the words "directly related" to refer to geographic proximity. The direct relationship that seems to be contemplated is between the work itself and the expansion area, *regardless of where the work was performed.*

The Secretary of Labor has also rejected this type of geographic interpretation. The alternative proffered by the Secretary is that work performed outside the expansion area was "directly related" only if it served workers within the area. *See, e.g., In re Bailey*, No. SF–REPP–2071 (Dep't of Labor Nov. 10, 1980) (unpublished decision of the Assistant Secretary). We need not pass upon the Secretary's interpretation in upholding his determination that the employees here do not qualify for the benefits they seek.

AFFIRMED.