674 F.2d 805
 In re the Petition of Lloyd E. ASHCOM, et al., Petitioners,
v.
Honorable Raymond J. DONOVAN, Secretary of Labor, United
States Department of Labor, Respondent.
In re the Petition of Merel E. BABCOCK, et al., Petitioners,
v.
Honorable Raymond J. DONOVAN, Secretary of Labor, United
States Department of Labor, Respondent.
 Nos. 81-7182, 81-7587.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 12, 1982.
Decided April 14, 1982.
 
 William F. Ferroggiaro, Jr., Eureka, Cal., for petitioners.
 Margrit Vanderryn, Atty., Washington, D. C., Deputy Commissioner, San Francisco, Cal., for respondent.
 Appeal from a Determination by the Secretary of Labor.
 Before HAYNSWORTH,* Senior Circuit Judge, and CHOY and SCHROEDER, Circuit Judges.
 CHOY, Circuit Judge:
 
 
 1
 Employees of Wayne Bare Trucking Company appeal from the Secretary of Labor's determination that they do not qualify for benefits under the Redwood National Park Expansion Act, Pub.L.No. 95-250, 92 Stat. 163 (1978).** The Act increased the size of the Park and provided economic assistance to employees displaced by the expansion. Lanning v. Marshall, 650 F.2d 1055, 1056 (9th Cir. 1981). However, not every employee suffering loss is entitled to benefits.
 
 
 2
 One prerequisite is that his employer must have been affected by the expansion. The Act specifies three types of qualifying employers: affected woods employers, affected mill employers, and affected contract employers. § 201(6). If Wayne Bare Trucking Company qualifies, it is as an "affected contract employer." Section 201(9) defines this term to mean:
 
 
 3
 an affected employer providing services pursuant to contract with an affected woods employer, if at least 15 per centum of said employer's employee-hours worked during calendar year 1977 were within or directly related to the expansion area pursuant to such contract or contracts.
 
 
 4
 The disputed issue is whether the Company satisfied the 15-percent requirement. Appellants contend that the term "directly related" means close geographic proximity, though they do not say how close is close enough. They reason that because the Company's employees worked more than 15 percent of their hours near (but not within) the expansion area, Wayne Bare Trucking Company is an affected contract employer.
 
 
 5
 We reject this interpretation as unreasonable. See Lanning v. Marshall, 650 F.2d at 1057-58 n.4; Noble v. Marshall, 650 F.2d 1058, 1061 n.8 (9th Cir. 1981). Congress intended to assist those directly affected by the expansion. See H.Rep.No. 581, 95th Cong., 2d Sess. 18, reprinted in 1978 U.S.Code Cong. & Ad.News 463, 464. Indemnification based on the fact that employees worked near the expansion area would not further this purpose. More importantly, giving the statutory language its ordinary meaning, we cannot read the words "directly related" to refer to geographic proximity. The direct relationship that seems to be contemplated is between the work itself and the expansion area, regardless of where the work was performed.
 
 
 6
 The Secretary of Labor has also rejected this type of geographic interpretation. The alternative proffered by the Secretary is that work performed outside the expansion area was "directly related" only if it served workers within the area. See, e.g., In re Bailey, No. SF-REPP-2071 (Dep't of Labor Nov. 10, 1980) (unpublished decision of the Assistant Secretary). We need not pass upon the Secretary's interpretation in upholding his determination that the employees here do not qualify for the benefits they seek.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Clement F. Haynsworth, Jr., Senior Circuit Judge, United States Court of Appeals, Fourth Circuit, sitting by designation
 
 
 **
 Portions of the Act are codified at 16 U.S.C. §§ 79b-79p