James W. BROOKS, Petitioner,

v.

Honorable Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.

Charles RANKIN, Petitioner,

v.

Honorable Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.

Nos. 81–7653, 82–7149.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 1982.

Decided Feb. 23, 1983.

William F. Ferroggiaro Jr., Eureka, Cal., for petitioners.

Margrit Vanderryn, Washington, D.C., for respondent.

Before WRIGHT, ANDERSON and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Petitioners, Brooks and Rankin, seek review of the decision of the Secretary of Labor denying them pension accruals under the provisions of the Redwood Employee Protection Program after they withdrew their pensions from their employer's private pension funds. We uphold the Secretary's decision.

## FACTS

Congress planned to expand Redwood National Park, but was concerned that workers in the area of potential expansion might lose their jobs. To prevent hardship, Congress enacted the Redwood Employee Protection Program, Pub.L. No. 95–250, 92 Stat. 172 (1978), §§ 201–213 (REPP). Workers covered by REPP receive benefits during a "protected period" if they are laid off due to park expansion. These benefits include weekly payments during lay-off and a severance benefit at the end of their entitlement under REPP. Section 204, at issue here, provides for continued accrual of pension rights "to the same extent as and at no greater cost to said employees than would have been applicable had they been actively employed." Section 204(c), however, states: "Provided, that no payment shall be made to a pension fund on behalf of an employee who is receiving a pension from such fund."

Brooks and Rankin, the petitioners, were employees covered by REPP. Both had vested rights in their employer's pension plan—the Arcata Retirement Plan (Arcata). Laid off because of park expansion, the petitioners began receiving REPP benefits. The lay-off also made them eligible to receive their Arcata pension benefits. The Arcata Plan permits termination to be treated as early retirement. Upon termination, the petitioners had the option of waiting until age 65 to receive their pension, or taking a smaller amount as an early pension. Both petitioners chose to take the early pension. Arcata provides several alternative forms of payment, and both petitioners chose to receive all of their pension benefits in a lump sum in 1978.

Despite receipt of these pension benefits, neither petitioner considers himself permanently retired. Although under the Secretary's ruling they ceased to accrue pension rights, they continued to receive REPP weekly lay-off benefits until severance from the REPP program. Brooks was severed in 1981 and Rankin in 1980; both received severance awards.

The petitioners contend that section 204 entitles them to continued accruals of pension rights from the date of their lump sum benefit until their severance from REPP. The Secretary of Labor ruled that they were not entitled to the accruals because of the proviso of section 204(c).

## DISCUSSION

■ Section 213(f) of the Redwood Act directs that in "all cases where two or more constructions of the language of this title would be reasonable, the Secretary shall adopt and apply that construction which is most favorable to employees." Where the worker's interpretation is unreasonable, ordinary rules of construction apply. *Noble v. Marshall,* 650 F.2d 1058, 1061 n. 8 (9th Cir.1981). Normally, this court will defer to a reasonable interpretation of a statute by an agency charged to administer it. *Rochester Tel. Corp. v. United States,* 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147 (1939); *Lanning v. Marshall,* 650 F.2d 1055, 1057 n. 4 (9th Cir.1981).

On first impression, the proviso of section 204(c) seems to preclude petitioners' claims: "no payment shall be made to a pension fund on behalf of an employee who is receiving a pension from such fund." The petitioners offer an interpretation of this section that would make it inapplicable here. Our task is to determine whether their interpretation is reasonable. If so, it is controlling by virtue of section 213(f). In interpreting a statute, "our objective is to ascertain the intent of Congress." *Hughes Air Corp. v. Public Utilities Commission,* 644 F.2d 1334, 1337 (9th Cir.1981).

The petitioners contend that section 204(c), by its own literal terms, does not cover them. They observe that because the government does not fund pension accruals by actual payments to private pension funds, they seek no payments "to a pension fund." More important, the proviso covers any employee who "is receiving" a pension; it does not, they argue, apply to them because they received their pensions in lump sums, and were not "receiving" any payments during the disputed months.

■ We find this argument unconvincing. This court must look beyond the express language of a statute where a literal interpretation "would thwart the purpose of the over-all statutory scheme or lead to an absurd result." *International Telephone & Telegraph Corp. v. General Telephone & Electronics Corp.,* 518 F.2d 913, 917–18 (9th Cir.1975). The manifest intent of the proviso is to terminate pension accruals once a worker begins to receive his retirement pension. It thus prevents both windfalls to workers and unnecessary expenditures by the government. This policy applies with equal force whether the governmental payments are to pension funds or directly to workers. Similarly, Congressional policy is equally applicable to a worker who "is receiving" his pension in monthly payments and to one who has received his entire pension in a lump sum. Petitioners have offered no reason why Congress would choose to treat these two groups differently. We can conceive of none. We conclude,

therefore, that section 204(c) is flexible enough to extend to the situation here.

The interpretation urged by the petitioners would be inequitable: workers opting for lump sum benefits could continue to accrue pension rights; workers lacking or failing to select this option could not. For this reason, the petitioners' interpretation is unreasonable and the favorable construction directive of section 213(f) is not activated. *Lanning v. Marshall,* 650 F.2d 1055, 1057–58 n. 4 (9th Cir.1981).

The interpretation of the Secretary of Labor is a reasonable one. We accordingly affirm.