**In re the Petition of John N. RAINS, Donald W. Waldon, and Robert Langford, Petitioners,**

**v.**

**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.**

No. 82–7086.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 1983.

Decided March 24, 1983.

John W. Cumming, Eureka, Cal., for petitioners.

Helene Boetticher, Margrit W. Vanderryn, Washington, D.C., for respondent.

Before WRIGHT and CHOY, Circuit Judges, and JAMESON,* District Judge.

CHOY, Circuit Judge:

Petitioners Rains, Waldon, and Langford are laid-off employees of Nor-Cal Cutters, a logging contractor formerly working for Simpson Timber Co. in forest lands near, but not inside, the area used to expand Redwood National Park in 1978. Title II of the Redwood National Park Expansion Act of 1978, Pub.L. No. 95–250, 92 Stat. 163 ("Redwood Act")[1] provides benefits to certain employees affected by the expansion of the Park. The petitioners appeal the decision of the Secretary of Labor that they do not qualify for Redwood Act benefits. We note jurisdiction under 16 U.S.C. § 79*l*(h) and affirm the decision of the Secretary.

Forest employees may qualify for Redwood Act benefits if they are both "covered" by the Act and "affected" by the Park expansion, as defined by §§ 201(10) and 201(11), respectively.[2] The Secretary found that the petitioners were not affected employees. Section 201(11) provides that:

"affected employee" means a covered employee who is either totally or partially laid off by an affected employer within a time period beginning on or after May 31, 1977, and ending September 30, 1980, unless extended, as provided in section 203, or is determined by the Secretary to be adversely affected by the expansion of the Redwood National Park. An employee shall be deemed adversely affected as of the date of the employee's layoff, downgrading or termination.

It is agreed that the petitioners were laid off during the qualifying time period. The dispute is over whether Nor-Cal Cutters is an affected employer. If Nor-Cal Cutters is an affected employer, it would be as an affected contract employer, which is defined as follows:

"affected contract employer" means an affected employer providing services pursuant to contract with an affected woods employer, if at least 15 per centum of said employer's employee-hours worked during calendar year 1977 were within or *directly related to* the expansion area pursuant to such contract or contracts.

Redwood Act, § 201(9) (emphasis added). There is no question that Nor-Cal provided services pursuant to a contract with an affected woods employer, namely, Simpson Timber Co. However, there is also no question that Nor-Cal did not work 15% of its employee hours within the Park expansion area during 1977. Accordingly, petitioners argue that Nor-Cal's operations were "directly related to the expansion area."

When interpreting provisions of the Redwood Act, we are guided by § 213(f) of the Act.[3] If there are two or more reasonable interpretations of the Act, we determine whether the Secretary has fulfilled his obligation to choose that reasonable interpretation most favorable to employees. *Lanning v. Marshall,* 650 F.2d 1055, 1057 n. 4 (9th Cir.1981).

The petitioners would define "directly related to the expansion area" as meaning "within the ambit of an affected woods employer's integrated operation involving expansion-area land so that there was a direct and proximate relationship between the use or loss of such expansion lands and the continuation or curtailment of the contract activities." The Secretary defines the statutory language as referring to "necessary supportive services required to harvest timber from the expansion area," or wood

---

*The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

1. Title II of the Redwood Act has not been codified.

2. For a general description of the benefit program created by the Redwood Act, *see Lanning v. Marshall,* 650 F.2d 1055, 1056–57 (9th Cir. 1981).

3. Section 213(f) reads:

In all cases where two or more constructions of the language of this title would be reasonable, the Secretary shall adopt and apply that construction which is most favorable to employees. The Secretary shall avoid inequities adverse to employees that otherwise would arise from an unduly literal interpretation of the language of this title.

processing operations that "include, and are dependent on, wood obtained directly from the expansion area."

The petitioners' proposed interpretation is unreasonable. It substantially begs the question by failing to define a "direct and proximate relationship" between the contract activity and the expansion area, other than by implying that the former is dependent upon the latter. Perhaps petitioners are proposing a test that would allow Nor-Cal to qualify as an affected contract employer if the termination of Nor-Cal's contract could be traced to Park expansion. In this vein, petitioners have argued that Nor-Cal lost its contracts when contractors who had formerly worked in the expansion area moved into nearby forest land and displaced Nor-Cal. This argument, however valid, is irrelevant to § 201(9), which clearly requires a direct relationship between a contract employer's work performed in 1977 and the park expansion land itself, rather than between contract termination and the fact of Park expansion in 1978. *See Ashcom v. Donovan,* 674 F.2d 805, 806 (9th Cir.1982) ("The direct relationship that seems to be contemplated [by § 201(9)] is between the work itself and the expansion area ...."). Petitioners' "ripple effect" definition fails to provide for such a relationship. Moreover, this definition could logically extend to any Northern California employer under contract to an affected woods employer. Such an expansive interpretation cannot be derived from the specific and narrowly phrased language of § 201(9).

 We find the Secretary's definition to be reasonable. Applying the mandate of § 213(f), we find it favorable to employees since it does not unduly narrow the types of supportive services that may be related to the expansion area. We agree with the Secretary that the qualifying supportive services must be necessary, because the work outside the expansion area must be *directly* related to activities within. Judged by this interpretation, there is substantial evidence to support the Secretary's finding that Nor-Cal did not have 15% of its 1977 employee hours devoted to necessary supportive services for timber harvesting in the Park expansion area or to wood processing operations involving expansion area timber. Accordingly, Nor-Cal is not an affected contract employer, and the petitioners cannot claim affected employee status through their employment with Nor-Cal.

Petitioner Langford believes that he can qualify as an affected employee through his employment with other contract employers. We remand his petition alone to allow consideration of this contention.

AFFIRMED; REMANDED IN PART AS TO PETITIONER LANGFORD.