Albert J. HOEHN, Petitioner,

v.

Honorable Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.

No. 82–7494.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 1983.

Decided July 27, 1983.

Warren Jensen, Arcata, Cal., for petitioner.

Dennis A. Paquette, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before MERRILL, SNEED and FARRIS, Circuit Judges.

SNEED, Circuit Judge:

Title II of the Redwood National Park Expansion Act of 1978, Pub.L. No. 95–250, §§ 201–213, 92 Stat. 163, 172–82 (1978),[1] provides economic benefits for certain forest industry workers whose jobs are lost because of the 1978 expansion of the Redwood National Park. Petitioner applied for benefits under Title II after being laid off by Gene's Machine Works (GMW), a machine shop that makes and repairs parts for sawmills in the area. Petitioner's application was ultimately denied by the Secretary of Labor (Secretary).[2] Our jurisdiction exists under 16 U.S.C. § 791(h). The petition for review of the Secretary's decision is denied.

## I.

### ANALYSIS

Title II provides benefits to employees who are laid off by an "affected employer." § 201(11). The Secretary denied petitioner's application on the ground that his employer, GMW, is not an "affected employer" as that term is defined in the Act. Ordinarily, this interpretation of the statute by the agency charged with its administration would be entitled to considerable deference. *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). The Redwood Act, however, modifies our standard of review. *See Lanning v. Marshall,* 650 F.2d 1055, 1057 n. 4 (9th Cir.1981). Section 213(f) directs the Secretary to construe provisions of the Act in the manner most favorable to employees whenever two or more constructions of the language are reasonable. Thus, on petition for review, we must determine whether there are two or more reasonable interpretations, and, if so, whether the Secretary has adopted the interpretation most favorable to employees. *Rains v. Donovan,* 702 F.2d 182, 183 (9th Cir.1983).

The disputed interpretation here concerns section 201(6) of Title II. That provision states that to be "affected" an employer must be "engaged in the harvest of timber or in related sawmill, plywood, and other wood processing operations...."[3] The

---

1. Title II of the Redwood Act is not codified. Section references in this opinion are to the Act as it appears at 92 Stat. 163 *et seq.*

2. Our decision in *Lanning v. Marshall,* 650 F.2d 1055 (9th Cir.1981), describes the system of administrative proceedings established by stat-

ute and regulations to determine eligibility for benefits under the Redwood Act.

3. In addition, the employer must qualify as a woods employer, mill employer, or contract employer. Petitioner contends that GMW is an affected contract employer, which section 201(9) defines as "an affected employer provid-

Secretary consistently has construed this provision to include only those entities that perform one of the steps directly involved in the process of converting new timber into finished lumber. *See Bradford v. Donovan,* 695 F.2d 409, 411 (9th Cir.1982). Thus petitioner's employer, a machine shop that makes and repairs sawmill parts but does not participate directly in lumber production, was held not to be an affected employer.

■ This is a reasonable interpretation. The question, however, is whether the petitioner's is also reasonable. He advocates a construction of section 201(6) that would embrace all industries providing goods and services to those "engaged in the harvest of timber or in related sawmill, plywood, and other wood processing operations." He contends that since the maintenance of sawmill equipment is a necessary adjunct to sawmill operations then GMW does engage in sawmill operations. We disagree; it only services those who so engage. GMW is one step removed from the processing of timber in the same way as are auto shops that repair logging trucks and utilities that provide power to the mills. Construing the Redwood Act to cover petitioner would extend its benefits beyond the lumber industry itself, and thus beyond the plain meaning of section 201(6). Therefore, petitioner's interpretation is not reasonable.

■ We have previously affirmed the construction of section 201(6) advanced by the Secretary here. In *Bradford v. Donovan,* 695 F.2d 409 (9th Cir.1982), we rejected the contention that the transportation of finished lumber is reasonably viewed as "other wood processing operations":

> The Railroad was not involved in harvesting raw timber or in the further processing of timber into a marketable lumber product. A construction of the statute as entitling the employees of the Railroad or the buyers to the benefits of the Act would be without any foundation.

*Id.* at 411. The same is true here. GMW neither operates a sawmill nor performs any other step required to process raw timber into lumber. As such, we hold that a construction of section 201(6) entitling machinists employed by GMW to Redwood Act benefits would be unreasonable. The unusual standard of review created by section 213(f) does not give us the authority to amend section 201(6).

■ Petitioner argues that laid-off employees of GMW should be eligible for Redwood Act benefits because equipment repair workers employed directly by affected mill and woods employers are eligible. We rejected this precise argument in *Bradford v. Donovan,* 695 F.2d at 411. Repair workers laid off by a sawmill receive benefits because their employer qualifies as an affected employer. The Redwood Act focuses on the business of the employer, and not on the duties of the individual employee, to establish eligibility for benefits. Here, petitioner is ineligible for Redwood Act benefits because his employer is not an affected employer as that term is defined in the statute.

The petition for review of the Secretary's decision is denied.

PETITION DENIED.

---

ing services pursuant to contract with an affected woods employer...." We assume for purposes of this disposition that GMW does work under contract to affected woods employers. To qualify as an affected contract employer, however, it is settled that GMW must first meet the requirements of the general affected employer definition in section 201(6). *Bradford v. Donovan,* 695 F.2d 409, 410–11 (9th Cir. 1982). It is the application of section 201(6) that is disputed here.