721 F.2d 271
 Barbara A. BARKER, et al., Petitioners,
v.
Raymond J. DONOVAN, Secretary of Labor, United States
Department of Labor, Respondent.
 No. 82-7772.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 30, 1983.
 
 John William Cumming, Eureka, Cal., for petitioners.
 Sally E. Mathiasen, Washington, D.C., for respondent.
 
 
 1
 On Petition For Review Of A Final Determination Of The Secretary Of Labor.
 
 
 2
 Before KENNEDY and REINHARDT, Circuit Judges, and HOFFMAN,* District Judge.
 
 
 3
 WALTER E. HOFFMAN, Senior District Judge.
 
 
 4
 Petitioners, Barker, et al., are claiming benefits under the Redwood Employee Protection Program, Pub.L. No. 95-250, Secs. 201-213, 92 Stat. 172 (1978) (REPP). In order to qualify for such benefits, petitioners must first establish that they worked for an "affected employer" as defined by Sec. 201(6) of the Act. The Secretary has refused to grant such status to petitioners' former employer. Petitioners seek review of this refusal.
 
 
 5
 The salient facts are fairly simple. The Simpson Timber Company (Simpson) owned a nursery facility at Korbel, California since 1975. On December 1, 1976, Simpson entered into a lease agreement with Hoehnke Nursery Company (Hoehnke), an Oregon corporation, whereby Hoehnke would lease and operate Simpson's nursery facility at Korbel. They simultaneously entered into a growing agreement which provided that Hoehnke would supply seedlings to Simpson. Although Simpson was its largest customer, Hoehnke also had growing agreements with other customers. During the duration of the lease, Simpson did not engage in management of the nursery, nor did Simpson exercise any control or direction over the nursery.
 
 
 6
 Petitioners were employees of Hoehnke's at the Korbel facility from the end of 1976 through mid-1978. On July 1, 1978, dissatisfied with the seedlings being supplied by Hoehnke, Simpson terminated both the lease and the growing agreements, and assumed responsibility for operation of the facility. Negotiations with the union representing Hoehnke employees resulted in the Hoehnke employees becoming employees of Simpson and getting credit for the seniority they had while employees of Hoehnke. Each petitioner was laid off from work at various times thereafter, and all sought benefits under REPP.
 
 
 7
 The California Employment Development Department, charged with administering REPP, denied petitioners' claims on the grounds that they did not work for an "affected employer" as specified by Sec. 201(6) of the Act. This determination was subsequently affirmed by an Administrative Law Judge and the Deputy Assistant Secretary.
 
 Section 201(6) reads as follows:
 
 8
 "[A]ffected employer" means a corporation, partnership, joint venture, person, or other form of business entity (including a predecessor or successor by purchase, merger, or other form of acquisition), or a working portion or division thereof, which is engaged in the harvest of timber or in related sawmill, plywood, and other wood processing operations, and which meets the qualifications set forth in the definition of affected woods employer, affected mill employer, or affected contract employer.
 
 
 9
 Petitioners argue that they satisfy the affected employer requirement under either of two ways. First, petitioners claim that Hoehnke was a corporation engaged in "other wood processing operations" consistent with the language of Section 201(6). Alternatively, petitioners assert that when Simpson, an affected woods employer, took over the nursery facility, Hoehnke qualified as a predecessor of Simpson within the meaning of the parenthetical in Sec. 201(6) and the transferred employees were entitled to claim Simpson's affected employer status.
 
 
 10
 Even though applying a standard of review highly favorable to employees,[1] this court is not persuaded on either grounds. Petitioners' first argument has already been foreclosed by a recent decision of this court, Bradford v. Donovan, 695 F.2d 409 (9th Cir.1982). In Bradford, this court agreed with the Secretary that Congress intended the phrase "other wood processing operations" "to include no more than the steps in the process from harvesting raw timber in the forest through production of finished lumber." Bradford v. Donovan, 695 F.2d at 411; see Hoehn v. Donovan, 711 F.2d 899, 900-01 (9th Cir.1983). ("The Secretary consistently has construed [section 201(6) ] to include only those entities directly involved in the process of converting new timber into finished lumber."; citing Bradford ). The foregoing definition, which uses harvest as a starting point, excludes a nursery that grows seedlings for reforestation from being characterized as a wood processing operation.
 
 
 11
 Although petitioners may legitimately contend that they have suffered directly from park expansion--fewer trees cut translates into fewer trees grown for reforestation--this court has already established that Congress did not intend to compensate every economic loss associated with expansion of the Redwood Park. Lanning v. Marshall, 650 F.2d at 1058; Drapich v. Donovan, 693 F.2d at 1299. By its terms, the statute excludes Hoehnke from gaining affected employer status.
 
 
 12
 Petitioners' second argument is more difficult to resolve. Undue complexity arises from Congress' use of the phrase "including a predecessor or a successor," when describing what kind of entities may be deemed affected employees. Petitioners contend that whatever "including a predecessor or a successor" means, they should qualify.
 
 
 13
 But we need not decide whether Hoehnke qualifies as a predecessor under the statute. The dispositive issue is not what predecessor means; rather, the issue is whether there was a "purchase, merger, or other form of acquisition" of Hoehnke by Simpson. See Sec. 201(6).
 
 
 14
 Hoehnke and Simpson are, and always have been, separate corporations and business entities. Hoehnke's relationship to Simpson was that of an independent contractor leasing nursery facilities owned by Simpson, and the fact that Simpson hired Hoehnke's employees did not amount to a "purchase, merger, or other form of acquisition" of the Hoehnke corporation. The Secretary's conclusion that the quoted phrase is not applicable to the termination of a contractor and the hiring of its employees constitutes the only reasonable interpretation of that phrase. Accordingly, we uphold the Secretary's interpretation.
 
 
 15
 For all of the foregoing reasons, the Secretary's determination is AFFIRMED.
 
 
 
 *
 Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 The ordinary standard of review of an agency's interpretation of a statute it is charged with implementing allows considerable deference to the Secretary. See Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). However, Section 213(f) of REPP modifies this traditional deference by dictating that "[i]n all cases where two or more constructions of the language of this title would be reasonable, the Secretary shall adopt and apply that construction which is most favorable to employees." This Circuit has since held that two levels of review are implicated. See Lanning v. Marshall, 650 F.2d 1055 (9th Cir.1981). Henceforth, if there are two reasonable interpretations, judicial review will focus on whether the Secretary has adopted the interpretation most favorable to employees as a class; if, however, the Secretary offers the only reasonable interpretation, that interpretation is entitled to the usual deference. Bradford v. Donovan, 695 F.2d at 410; Drapich v. Donovan, 693 F.2d 1296, 1298 n. 3 (9th Cir.1982); Lanning v. Marshall, 650 F.2d at 1057 n. 4