**Danny W. TUEY, and Leslie A. Dehaven, Petitioners,**

v.

**Raymond J. DONOVAN, Secretary of Labor, Respondent.**

**Donald L. SCOTT, William G. Gillespie, Archie T. Lawrence, Petitioners,**

v.

**Raymond J. DONOVAN, Secretary of Labor, Respondent.**

Nos. 82–7247, 82–7482.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1983.

Decided Feb. 22, 1984.

John William Cumming, Eureka, Cal., David S. Krueger, Stokes, Steeves, Warren, Jensen & Cissna, Arcata, Cal., for petitioners.

Edwin W. Tyler, Sec. of Labor, Washington, D.C., for respondent.

Before KENNEDY, REINHARDT, Circuit Judges, and HOFFMAN,* District Judge.

REINHARDT, Circuit Judge:

Petitioners seek review of decisions by the Assistant Secretary of Labor denying them benefits that are available to displaced lumber industry workers under Title II of the Redwood National Park Expansion Act (Redwood Act), Pub.L. No. 95–250, 92 Stat. 163 (1978).[1] We hold that the Assistant Secretary acted unreasonably in interpreting the relevant statutory language so as to deny petitioners those benefits. In

---

* Honorable Walter Edward Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. Title II of the Redwood Act is not codified.

doing so, we reject his conclusion that divisions of an "affected contract employer" may be excluded from coverage of the Act if the divisions are not within or geographically near the park expansion area.

Petitioners were employed as truckdrivers by Redwood Construction Company, a contract trucking firm. After being laid off from their employment, petitioners applied for benefits under Title II of the Redwood Act. Title II authorizes certain benefit payments to persons who were employed by an "affected employer" and who were "adversely affected" by the Redwood National Park expansion. *See* Redwood Act § 201(11). One type of "affected employer" is an "affected contract employer," as defined in section 201(9) of the Redwood Act.

An Administrative Law Judge decided that petitioners Tuey and DeHaven were eligible for weekly layoff benefits. The Assistant Secretary reversed that decision. Similarly, another Administrative Law Judge determined that petitioners Scott, Gillespie, and Lawrence were eligible for those benefits. He also was reversed by the Assistant Secretary.[2] In both decisions, the Assistant Secretary denied benefits to the petitioners on the ground that they were employed by divisions of an "affected contract employer" that were not within or geographically near the park expansion area. We review his actions under 16 U.S.C. § 791(h) (1982).

### I

Section 201(6) provides for three types of "affected employers": affected woods employers, affected mill employers, and affected contract employers. Section 201(9) defines an affected contract employer as "an affected employer providing services pursuant to contract with an affected woods employer, if at least 15 per centum of said employer's employee-hours worked during calendar year 1977 were within or directly related to the expansion area pursuant to such contract or contracts."[3]

Section 203 limits the number of employees of an affected contract employer that are eligible for benefits:

[T]he number of affected employees with respect to an affected contract employer shall be limited in any week to that number of such employees otherwise affected as provided herein that is equal to the percentage of the affected employer's employee hours during calendar year 1977 that were worked within or directly related to the expansion area.

*See* 29 C.F.R. § 92.7(b) (1983).

Prior to the petitioners' layoffs, the Secretary certified Redwood Construction as an "affected contract employer." The Secretary now contends, however, that, because petitioners were assigned to divisions of Redwood Construction that were not within or geographically near the park expansion area, they did not work for an affected contract employer. The sole issue in dispute is whether Redwood Construction Company's divisions that are not within or geographically near the park expansion are part of an affected contract employer.

### II

In rejecting petitioners' claims the Secretary interpreted a section of the Redwood Act, section 201(9). Section 213(f) of that Act requires us to determine whether there are two or more reasonable interpretations of a particular section, and if so, whether the Secretary has adopted the interpreta-

---

2. Initially, the California Employment Development Department (EDD), empowered to determine eligibility for Redwood Act benefits, *see, e.g.,* 29 C.F.R. § 92.21(a), decided that petitioners Scott, Gillespie, and Lawrence were eligible for benefits. Later, the EDD reconsidered its decision and held that petitioners were not eligible for benefits. The EDD's later decision was reversed by an Administrative Law Judge, whose decision, in turn, was reversed by the Assistant Secretary. Because we hold that the petitioners worked for divisions that are part of an "affected contract employer," we need not decide whether the EDD erred in reconsidering its decision concerning the eligibility of petitioners Scott, Gillespie, and Lawrence.

3. Section 201(7) defines an affected woods employer and section 201(8) defines an affected mill employer.

tion most favorable to employees as a class.[4] *See, e.g., David v. Donovan,* 698 F.2d 1057, 1058 (9th Cir.1983); *Drapich v. Donovan,* 693 F.2d 1296, 1298 n. 3 (9th Cir.1982); *Lanning v. Marshall,* 650 F.2d 1055, 1057–58 n. 4 (9th Cir.1981).

The definitions of affected woods and mill employers both include provisos that limit coverage of the Act to those divisions of the employer that are directly responsible for the performance of particular types of work. *See* Redwood Act §§ 201(7), 201(8).[5] There is no similar proviso, nor, in fact, any mention of divisions, in the definition of affected contract employer. *See* Redwood Act § 201(9). In effect, the Secretary contends that we should read a proviso similar to those included in the definition of affected woods and mill employers into the definition of an affected contract employer, in order to limit the number of employees eligible for benefits. Even if the Secretary's construction of the statute were a reasonable one, given the mandate of section 213(f) we would not be free to do so.

We have previously rejected arguments that geographic proximity to the park expansion area is conclusive in determining whether an employer is an affected contract employer. *See Rains v. Donovan,* 702 F.2d 182, 184 (9th Cir.1983); *Ashcom v. Donovan,* 674 F.2d 805, 806 (9th Cir.1982). Although geographic limitations are an essential part of the definition of affected woods and mill employers, *see* Redwood Act §§ 201(7), 201(8),[6] such limitations are not a necessary part of the definition of affected

contract employer, *see* Redwood Act § 201(9). Contract employers may also qualify if their work was directly related to the park.

There are legitimate reasons why the geographic element was not made a necessary part of the definition of an affected contract employer. Unlike the work of woods and mill employers, the work of an "affected contract employer" is not stationary, but may be carried on in many different places, some of which may be outside the park area. Here, for example, the work of Redwood Construction, a contract trucking firm, transporting wood, was certainly not performed at a single stationary location. More important, section 203's quota for employees of contract employers serves the same function as the divisional and geographic components of the definitions of woods and mill employers. It limits the number of employees eligible to receive benefits.[7] In fact, because the section 203 quota restricts the payment of benefits to a fixed number of a contract employer's employees, that provision imposes an even stricter limitation on the number of eligible employees than do the restrictions imposed by the provisos that apply to employees of affected woods and mill employers. Therefore, contrary to the Secretary's assertions, there is no danger that the petitioners' interpretation of section 201(9) will result in the payment of benefits to an excessive number of employees.

We conclude that petitioners' interpretation of section 201(9) is reasonable

4. Section 213(f) provides that:
   In all cases where two or more constructions of the language of this title would be reasonable, the Secretary shall adopt and apply that construction which is most favorable to employees. The Secretary shall avoid inequities adverse to employees that otherwise would arise from an unduly literal interpretation of the language of this title.

5. The definition of affected woods employer includes the proviso that "an affected woods employer shall be only that major portion or division of the industry employer directly responsible for ... harvesting operations." Redwood Act § 201(7). Similarly, the definition of affected mill employer in section 201(8) includes the proviso that "an affected mill em-

ployer shall be only that major portion or division of the industry employer directly responsible for ... wood processing operations."

6. For example, an "affected woods employer" must be located within the park expansion area. Redwood Act § 201(7). Similarly, "affected mill employers" must be "engaged in sawmill, plywood, and other wood processing operations in Humboldt or Del Norte Counties." Redwood Act § 201(8).

7. Until the quota set by the Secretary for a particular contract employer is met, benefits to affected employees are allocated on a first come, first served basis. *See* 29 C.F.R. § 92.-7(b).

and more favorable to employees as a class. Accordingly, we hold that the divisions of Redwood Construction Company are part of an affected contract employer.[8]

## CONCLUSION

We hold that petitioners were employed by an affected contract employer as defined in section 201(9) of the Redwood Act. Because petitioners worked for an affected employer and were adversely affected by the Redwood National Park expansion, they are eligible for benefits provided by the Redwood Act. The Assistant Secretary's decisions therefore are

REVERSED.

---

8. The Secretary also argues that petitioners are not "covered employees" as defined in section 201(10)(B) because they have not worked at least 1,000 hours within or geographically close to the park expansion area. For this reason, the Secretary claims that the petitioners are not eligible for benefits. Although the Secretary's argument appears to have little merit in light of the definitions of "covered employee" and "affected employee" (sections 201(10)(B) and 201(11)), we need not decide the issue here. The only basis for the Assistant Secretary's denial of benefits was that Redwood Construction's divisions outside the expansion area were not part of an affected contract employer. Upon review, we are limited to consideration of that argument. *See, e.g., Federal Power Commission v. Texaco, Inc.,* 417 U.S. 380, 397, 94 S.Ct. 2315, 2326, 41 L.Ed.2d 141 (1974).