Peter A. MARTIN, Petitioner,

v.

Honorable Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.

No. 83–7066.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1983.

Decided April 30, 1984.

Timothy P. Cissna, Stokes, Steeves, Warren, Jensen & Cissna, David S. Krueger, Arcata, Cal., for petitioner.

Margrit W. Vanderryn, Barbara J. Johnson, Washington, D.C., for respondent.

Before KENNEDY and REINHARDT, Circuit Judges, and HOFFMAN,* District Judge.

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of

**1416**

KENNEDY, Circuit Judge:

Peter Martin was discharged for intoxication on the job by Arcata Redwood Company, an "affected employer" under Title II of the Redwood National Park Expansion Act of 1978, Pub.L. No. 95–250, §§ 201–213, 92 Stat. 163, 172–82;[1] *see id.* § 201(6). He now seeks benefits under the Redwood Act.

■ A discharge, even for cause, may qualify an employee for benefits under § 201(12) of the Redwood Act, which defines "total layoff" as "a calendar week during which affected employers have made no work available to a covered employee." Martin argues that an employer "makes no work available" to an employee when the latter does not simply quit but is affirmatively discharged.

■ The Secretary, however, denies that a discharge for cause is a layoff. Our analysis does not turn on whose reading of the statute we find more reasonable. Instead, § 213(f) of the Redwood Act commands us to accept the interpretation offered which most favors the class of employees as a whole, as long as that interpretation is reasonable. *Barker v. Donovan*, 721 F.2d 271, 273 n. 1 (9th Cir.1983); *Bradford v. Donovan*, 695 F.2d 409, 410 (9th Cir.1982); *Drapich v. Donovan*, 693 F.2d 1296, 1298 n. 3 (9th Cir.1982).

Here, Martin's interpretation that "layoff" encompasses the employer's affirmative act of discharging him is reasonable. This interpretation does not, however, make the Redwood Act a windfall for every employee discharged for cause, since other sections of the statute also restrict eligibility for benefits.

Redwood Act § 203 provides that a layoff of an affected employee between May 31, 1977 and September 30, 1980 is conclusively presumed to be due to park expansion. The presumption, however, arises only if the employee was not laid off "for a cause that would disqualify employee for unemployment compensation." *Id.* More-over, under Redwood Act § 205, an affected employee is only eligible for benefits if the layoff was of a kind that also creates eligibility under the California Unemployment Insurance Code. § 205(b)(2).

Martin was initially determined ineligible for unemployment insurance benefits because he was discharged for misconduct. He was informed he could appeal this determination to an administrative law judge, but did not. The notice to Martin did not warn that failure to appeal might bar a challenge to a later finding of ineligibility for Redwood benefits.

■ The Secretary suggests that the state determination of discharge for misconduct concludes Martin's rights on this appeal. Administrative res judicata, however, is not applied with rigidity. Its application must be "tempered by fairness and equity." *Thompson v. Schweiker*, 665 F.2d 936, 940 (9th Cir.1982). Both administrative res judicata and administrative collateral estoppel "are qualified or rejected when their application would contravene an overriding public policy or result in manifest injustice." *Id.* (quoting *Tipler v. E.I. duPont deNemours and Co.*, 443 F.2d 125, 128 (6th Cir.1971)). Fairness in the administrative decision-making process is our principal concern, outweighing the importance of administrative finality. *Thompson v. Schweiker*, 665 F.2d at 941.

■ Failure to appeal the initial unemployment insurance determination within twenty days did not bar the administrative law judge's (ALJ) determination of Martin's eligibility for Redwood benefits. The bar should not be imposed when its twenty day period ran before Martin knew of his ineligibility for Redwood benefits. We will not work that harsh result under the guise of administrative res judicata. *Cf. Egbert v. Donovan*, 720 F.2d 1122, 1123 (9th Cir. 1983) (at some point, equitable concerns bar the Secretary's redetermination of a claimant's eligibility after she has been declared eligible for benefits).

Virginia, sitting by designation.

1. Title II of the Redwood Act is not codified.

Drinking on the job or intoxication may under appropriate circumstances constitute cause for discharge that renders a terminated employee ineligible for unemployment benefits. *See* Cal.Admin.Code tit. 22 R. 1256–37(b)(1). Thus a discharge on that ground may preclude the receipt of Redwood benefits. *See* Redwood Act §§ 203, 205(b)(2).

The ALJ reached the merits of Martin's claim and held that "the claimant was not intoxicated at work" and that "[s]ince the claimant's discharge resulted from matters other than misconduct which could disqualify him from unemployment benefits, the claimant was incorrect [sic] disqualified for park benefits." The Secretary, for reasons we have discussed, did not reach the merits of the ALJ's decision and thus did not review the ALJ's findings as to the reasons for Martin's discharge. He must now do so. The Secretary's determination is REVERSED and REMANDED.