T.C. Summary Opinion 2020-14

UNITED STATES TAX COURT

DALE W. LAUE AND ALICIA LAUE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3842-18S.                    Filed April 20, 2020.

Dale W. Laue and Alicia Laue, pro sese.

Elizabeth Rodoni, for respondent.

SUMMARY OPINION

PANUTHOS, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,517 in petitioners' 2015 Federal income tax. The only issue for decision is whether petitioners are liable for the 10% additional tax under section 72(t) for an early distribution from a qualified retirement plan.

Background

Some of the facts have been stipulated and are so found. The record consists of the stipulation of facts with attached exhibits, exhibits introduced at trial, and the testimony of Dale Laue (hereinafter, petitioner). Petitioners are married and resided in California when the petition was timely filed.

Petitioner worked as an aviation engineer on multiple Government contracts at Edwards Air Force Base and in Palmdale, California. He worked for Rockwell International (Rockwell) on the B-1B bomber program until 1987. He later worked for Northrop Grumman on the B-2 bomber program until 1999. Petitioner has been generally unemployed since 2002, when he was 46 years old.

[1](...continued)
Internal Revenue Code in effect for the year in issue. Amounts are rounded to the nearest dollar.

In the years after petitioner's separation from service Rockwell was acquired by the Boeing Co. (Boeing). In 2015 Boeing Pension Service Center offered petitioner the option of a lump-sum distribution from his pension plan. The offer was available for a limited time and petitioner exercised the option and deposited the lump-sum gross distribution of $25,170 on November 14, 2015. At the time of distribution and deposit petitioner was 59 years old but had not yet attained the age of 59-1/2.

Petitioners reported on line 16(a) of their 2015 Federal income tax return that they had received $32,250 from pensions and annuities. That amount included the $25,170 distribution as reported on a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., from State Street Retiree Services for Boeing Pension Service Center.[2] While petitioners reported the Boeing distribution as income when they filed their return, they did not include the 10% additional tax pursuant to section 72(t)(1).

---

[2]Petitioners' remaining 2015 pension and annuities income came from a $7,080 gross distribution from petitioner's Northrop Grumman pension, as reported on a 2015 Form 1099-R. The Northrop Grumman pension distribution falls under the substantially equal periodic payments exception to the additional 10% tax on early distributions found under sec. 72(t)(2)(A)(iv) and is not in issue.

On November 27, 2017, respondent issued petitioners a notice of deficiency for tax year 2015. The notice of deficiency determined that petitioners are liable for the 10% additional tax of $2,517 because they received the Boeing distribution before petitioner attained age 59-1/2 and the payment did not qualify for any exception set forth in section 72(t)(2).

## Discussion

Section 72(t)(1) imposes an additional tax of 10% on distributions from qualified retirement plans unless one of the exceptions set forth in section 72(t)(2) applies. Section 72(t) provides in pertinent part as follows:

> SEC. 72(t). 10-Percent Additional Tax on Early Distributions from Qualified Retirement Plans.--
>
> (1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.
>
> (2) Subsection not to apply to certain distributions.-- Except as provided in paragraphs (3) and (4), paragraph (1) shall not apply to any of the following distributions:
>
> > (A) In general.--Distributions which are--
> >
> > > (i) made on or after the date on which the employee attains age 59 ½,

\*    \*    \*    \*    \*    \*    \*

(v) made to an employee after separation from service after attainment of age 55 \* \* \*

Petitioners contend that they are entitled to the exception to the 10% additional tax under section 72(t)(2)(A)(v).[3] They assert that so long as a participant (1) has attained age 55 and (2) is separated from service, he or she meets the statutory requirement. Respondent asserts that the statutory text "made to an employee after separation from service after attainment of age 55" means that the employee must have separated from employment after reaching age 55 to be eligible for the exception.

When we interpret a statute, our purpose is to give effect to congressional intent. To accomplish this we begin with the statutory text, which is the most persuasive evidence of the statutory purpose. See United States v. Am. Trucking Ass'ns, Inc., 310 U.S. 534, 543 (1940); Bronstein v. Commissioner, 138 T.C. 382, 386 (2012). Statutory text is ambiguous where "the ordinary and common meaning of the statutory language supports more than one interpretation". Carlson v. Commissioner, 116 T.C. 87, 93 (2001). Where "statutory language is ambiguous, \* \* \* we may consult legislative history to assist us in interpreting the

---

[3]Petitioners concede that there is no general hardship exception to sec. 72(t). They do not argue that any statutory exception applies to the Boeing distribution other than the age 55 exception set forth in sec. 72(t)(2)(A)(v).

language in question." Id. We may also consult a statute's history to assure that a plain meaning application of the statute's text does not "thwart the purpose of the overall statutory scheme or lead to an absurd or futile result." Albertson's, Inc. v. Commissioner, 42 F.3d 537, 545 (9th Cir. 1994) (quoting Brooks v. Donovan, 699 F.2d 1010, 1011 (9th Cir. 1983)), aff'g 95 T.C. 415 (1990); see Samueli v. Commissioner, 132 T.C. 37, 50 (2009), aff'd in part and remanded on another issue 661 F.3d 399 (9th Cir. 2011).

Respondent directs our attention to the following legislative history underlying the age 55 exception: "In all cases, the exception applies only if the participant has attained age 55 on or before separation from service. Thus, for example, the exception does not apply to a participant who separates from service at age 52, and, pursuant to the early retirement provisions of the plan, begins receiving benefits at or after age 55." H.R. Conf. Rept. No. 99-841 (Vol. II), at II-456 to II-457 (1986), 1986-3 C.B. (Vol. 4) 1, 456-457.

The statute appears clear that the participant must have attained the age of 55 before separation from service. See Stipe v. Commissioner, T.C. Memo. 2011-92, 2011 WL 1627970, at *4 n.5; Owusu v. Commissioner, T.C. Memo. 2010-186, 2010 WL 3322502, at *4. The explanation provided in the legislative history resolves any possible ambiguity in section 72(t)(2)(A)(v) and supports our reading

of the statute.  Consequently, we conclude that petitioners are liable for the 10%

additional tax.

We have considered all of petitioners' arguments, and, to the extent not

addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.