**UNITED STATES of America, Appellee,**

v.

**Ronald M. LONG, Appellant.**

**No. 78–2844.**

United States Court of Appeals, Ninth Circuit.

May 1, 1980.

Clyde R. Maxwell, Newport Beach, Cal., for appellant.

Henry H. Rossbacher, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before GOODWIN and WALLACE, Circuit Judges, and FITZGERALD,* District Judge.

PER CURIAM.

Ronald M. Long was convicted of willful failure to file income tax returns for the years 1972, 1973 and 1974. I.R.C. § 7203. Long appeals, asserting a failure of proof.

At Long's nonjury trial, the government contended that it had no record that Long had filed any returns for the years in question. Long responded that he had filed returns and that the government had lost them. In support of this contention, Long introduced "facsimiles" of certain 1040 forms he claimed to have filed.[1] On each of the facsimile forms, Long had inserted zeros in the spaces reserved for entering exemptions, income, tax, and tax withheld. Long also produced a copy of a tax protest tract which he had allegedly attached to his returns.

During the years at issue, the Internal Revenue Service did not keep copies of documents which it considered to be invalid returns, including forms showing only zeros. Nor did the I.R.S. retain records indicating whether such papers had been filed. Accordingly, the district court found that the government did not, and could not, prove Long had not filed forms filled in with zeros.

The trial judge concluded, however, that although Long may have filed papers conforming to the proffered facsimiles, those documents were not "returns" within the meaning of I.R.C. § 7203 because tax forms filled in with zeros did not furnish information from which tax liability could be calculated. On appeal, Long argues that a tax could be computed from the figures on the forms he allegedly filed.

We begin with the premise that Long filed tax forms resembling the facsimiles introduced at trial. The district judge found that the government had not met its burden of proving the contrary; and the finding is not clearly erroneous.[2]

The issue remains whether by filing the papers, Long "made a return" for purposes of § 7203. In *United States v. Porth*, 426 F.2d 519, 523 (10th Cir.), *cert. denied*, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970), the Tenth Circuit held that a tax form that "does not contain any information relating to the taxpayer's income from which the tax can be computed" is not a valid return under § 7203. This circuit adopted the *Porth* standard in *United States v. Klee*, 494 F.2d 394, 397 (9th Cir.), *cert. denied*, 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974).

The zeros entered on Long's tax forms constitute "information relating to the taxpayer's income from which the tax can be computed." The I.R.S. could calculate assessments from Long's strings of zeros, just as it could if Long had entered other numbers. The resulting assessments might not reflect Long's actual tax liability, but some computation was possible. In this respect, the circumstances here differ from those in

---

* The Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation.

1. Long did not claim that the documents he produced at trial were duplicates of those he allegedly filed. Indeed, the "facsimiles" he offered for 1972 and 1973 were 1974 1040 forms on which he had crossed out the year and added "72" and "73" respectively. Each of these forms was signed and dated "7-1-75." Long testified that he had no copies of his original returns because he had sent duplicates to various tax protest groups, retaining none for himself.

2. The district judge stated this finding as follows:

"I think that you have to, as far as the point of what happened to these returns is concerned, I think since we don't have anybody who says he saw them as far as the government is concerned or—and we don't have any records so the government can certify to the fact that they weren't there, you have to accept the testimony then, the only testimony that we have about the event, unless you think that it is totally incredible. I wouldn't say that it is totally incredible, because his brief, if you read it, so-called brief, if you want to read that, it is—it would lend credence to the idea that this would be a way in which he would proceed.

"So you can start with that."

**76**

*Porth* and similar cases[3] in which defendants failed to complete tax forms or left them blank. Nothing can be calculated from a blank, but a zero, like other figures, has significance. A return containing false or misleading figures is still a return. False figures convey false information,[4] but they convey information.

We do not condone either the withholding of tax information or the supplying of false information on tax returns. Nor do we wish to encourage the type of tax protest behavior which Long displayed in this case. But the government's record-keeping failure rendered it unable to prove Long guilty of the charged crime. If the I.R.S. had kept better records, the government might have proved by its lack of any record of Long's returns that he failed to file returns. *See United States v. Greenlee,* 517 F.2d 899, 903 (3rd Cir.), *cert. denied,* 423 U.S. 985, 96 S.Ct. 391, 46 L.Ed.2d 301 (1975). If the Service had kept papers such as Long claimed he filed, the government might have sustained some other charge. It did not, however, prove the failure to file that was charged in this case.

Reversed.

---

**3.** The cases recognize that returns such as those stating only a name, address, occupation, and signature, and asserting the tax law is unconstitutional, *United States v. Daly,* 481 F.2d 28 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973), or stating name, address, an entry claiming refund, and a constitutional objection, *United States v. Irwin,* 561 F.2d 198, 201 (10th Cir. 1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 725, 54 L.Ed.2d 755 (1978), do not constitute "tax returns" under the Internal Revenue Code.

**4.** Because the *Porth* rule states only what is *not* a return, it seems to leave open the possibility that certain papers, although conveying information, might nevertheless not constitute tax returns. But Congress clearly intended to punish more heavily one who "*makes and subscribes any return* * * * under the penalties of perjury * * * which he does not believe to be true and correct as to every material matter." I.R.C. § 7206(1) (Emphasis added). Under this section, persons who swear to false figures, whether zeros, ones, or other numbers, risk perjury and felony prosecution.