ROY S. RADLEK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Radlek v. Commissioner
Docket No. 13544-80.
United States Tax Court
T.C. Memo 1981-62; 1981 Tax Ct. Memo LEXIS 681; 41 T.C.M. (CCH) 885; T.C.M. (RIA) 81062; February 18, 1981. Roy S. Radlek, pro se. David W. Johnson and Charles Williams, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This *682 case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on November 20, 1980, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
*683 Respondent, in his notice of deficiency issued to petitioner on April 10, 1980, has determined the following deficiencies in, and additions to, the petitioner's 1976 and 1977 Federal income taxes: Additions to Tax, 1954 Code
Year
[3] Deficiency
Sec. 6651(a)
[4] Sec. 6653(a)
1976
$ 1,812.00
$ 312.00
$ 90.60
1977
1,679.00
114.76
83.95
Petitioner resided at 8050 S. Main #23, Houston, Texas, on the date he filed his petition herein. For each of the taxable years 1976 and 1977 petitioner filed with the Internal Revenue Service Center, Austin, Texas, a Form 1040, on which said forms he refused to disclose his income, deductions, or tax liability. He did, however, sign *684 his name to the forms, on which he asserted numerous constitutional objections. Since petitioner received gross income in 1976 and 1977 far in excess of $ 750, he was required to file Federal income tax returns for those years. Section 6012. The Forms 1040 submitted by petitioner to the Internal Revenue Service Center, which contained no information relating to petitioner's income from which the tax can be computed, were not valid returns within the intendment of section 6012. See Hatfield v. Commissioner, 68 T.C. 895, 899 (1977); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without opinion 559 F. 2d 1207 (3d Cir. 1977); United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). [5]
*685 As we read petitioner's statement filed on January 21, 1981, he now concedes that respondent is entitled to "a partial summary judgment" with respect to some nine legal issues raised respecting constitutional objections. In making those concessions petitioner advises-- They are not the issues brought into this Court in petitioner's original pleading. They are issues petitioner may have contested 4 - 5 years ago and reflect misconceptions of law still being spread by the self-proclaimed gurus of the "tax-revolt". Petitioner now takes issue with most of what this movement has to say, and does not consider many of its leaders worth paying money to see. As we view this record, petitioner cannot and does not dispute the income figures determined by respondent. Rather, he asserts that respondent has erred in his interpretation of the tax laws and their applicability to the facts of this case. In short, he contends that as a "common law" employee he did not receive "income" in 1976 and 1977 which is subject to tax. We disagree. [6]
*686 Section 61(a) defines gross income to mean "all income from whatever source derived, including * * * compensation for services, * * *." Furthermore, federal reserve notes constitute legal tender--"money"--which must be reported on a taxpayer's return in accordance with his method of accounting. Gajewski v. Commissioner,67 T.C. 181 (1976), affd. in an unpublished opinion 578 F.2d 1383 (8th Cir. 1978); Cupp v. Commissioner,supra.[7] Here, during 1976 and 1977 both petitioner and his wife received by check compensation for services (wages) from their respective employers. Those checks were gross income and respondent properly included petitioner's share thereof in his notice of deficiency. Gajewski v. Commissioner,supra at 198. Moreover, we strongly suspect that petitioner has in fact used that income when he purchased his groceries or paid for his other necessities of life. See Hatfield v. Commissioner,supra at 898. *687 While not material in view of our disposition of this case, petitioner seeks a trial on the "issues" at dispute as raised in his petition. As we understand this record, those issues are purely legal ones. We addressed a similar plea in Egnal v. Commissioner,65 T.C. 255, 263 (1975), which is equally applicable here, where we said-- They are entitled to that opportunity only if it could result in a redetermination of the deficiencies found by respondent. In these cases, it would be useless for us to hear the proffered evidence, because we have concluded that the legal theories relied upon by petitioners to reduce their taxes are erroneous. Respondent filed his answer herein on September 19, 1980, in which at paragraphs IV and V thereof he denied the allegations contained in paragraphs IV and V of the petition. [8]
Rule 121(b) provides that a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as *688 to any material fact and that a decision may be rendered as a matter of law." [Emphasis added.] Here, petitioner has not submitted any information which contradicts respondent's factual determinations. On the basis of the pleadings and other acceptable materials, together with the affidavits, respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. [9] In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax CourtRules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on January 21, 1981. Petitioner did not appear. However, he did file a "Statement as Per Rule 50(c)" on January 21, 1981.↩
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. The deficiencies are predicated upon gross income received by petitioner during 1976 and 1977 in the respective amounts of $ 10,774.86 and $ 11,506.30, in the form of separate property prior to his marriage on June 19, 1976, and in the form of one-half of his and his wife's total community property income after his marriage. Texas is a community property state. ↩
4. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
5. See also Bryson v. Commissioner,T.C. Memo. 1980-331. Additionally, we also observe that the Ninth Circuit recently held in United States v. Long,618 F.2d 74 (9th Cir. 1980), that a return containing zeros in the spaces reserved for entering exemptions, income, tax, and tax withheld was a return within the meaning of sec. 7203, even if that information was false. Suffice it to say, this case is distinguishable. But see United States v. Smith, 618 F.2d 280↩ (5th Cir. 1980), where the Court stated at 281, "Smith's 1974 and 1975 'returns', which contained nothing but zeros and constitutional objections, plainly did not even purport to disclose the required information. Smith was thus properly charged with failure to file for those years." Venue on appeal of this case would lie in the Fifth Circuit. Sec. 7482.
6. Petitioner, in his 16-page statement filed on January 21, 1981, in which he proclaims that he has developed an intense academic interest in tax law, advances numerous contentions to support the "issues" raised in his petition. In our opinion, those contentions are neither relevant nor material to the matter at bar, and we will not burden this opinion with respect thereto.↩
7. We additionally point out that the constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Stanton v. Baltic Mining Co.,240 U.S. 103 (1916); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207 (3d Cir.1977); and Klir v. Commissioner,T.C. Memo. 1979-259↩.
8. Upon the filing of that answer, issue was joined. See Rules 38 and 121.↩
9. We are keenly aware of the allegations embodied in paragraph V.I. of the petition. However, they have been thoroughly devitalized by exhibits attached to respondent's motion, which remain uncontroverted.↩