Steven A. FULLER and Karen M. Fuller, Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

Douglas W. SAMSKI, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

Thomas A. JOLLY, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

Nos. 85–2473 to 85–2475.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1986.

Decided April 15, 1986.

Steve A. Fuller and Karen M. Fuller, in pro. per.

Douglas W. Samski and Thomas A. Jolly, pro se.

Lisa Prager, U.S. Dept. of Justice, Washington, D.C., for U.S.

Before SCHROEDER, CANBY, and BOOCHEVER, Circuit Judges.

SCHROEDER, Circuit Judge.

In this government tax appeal we must decide whether the IRS properly assessed a $500 penalty against each of the three appellees for filing a frivolous return within the meaning of 26 U.S.C. § 6702. The appeal raises a novel question concerning Congress' use of the word "self-assessment" in that section. There are no material issues of fact.

Congress passed the statute as part of the Tax Equity and Fiscal Responsibility Act of 1982. The statute provides for a penalty of $500 when an individual files a return for frivolous or dilatory purposes and when the return does not show that its "self-assessment" is substantially accurate.

Since its passage, the statute has survived repeated attacks upon its constitu-

tionality and on its application in given instances. It has survived scrutiny under the origination clause, *see, e.g., Jolly v. United States*, 764 F.2d 642, 644–45 (9th Cir.1985); *Boday v. United States*, 759 F.2d 1472, 1476 (9th Cir.1985); *Heitman v. United States*, 753 F.2d 33, 35 (6th Cir. 1984), the due process clause of the fifth amendment, *see, e.g., Jolly*, 764 F.2d at 645–47; *Boday*, 759 F.2d at 1475; *Heitman*, 753 F.2d at 35; *Martinez v. IRS*, 744 F.2d 71, 72–73 (10th Cir.1984), the free speech clause, *see, e.g., Hudson v. United States*, 766 F.2d 1288, 1291–92 (9th Cir. 1985); *Franklet v. United States*, 578 F.Supp. 1552, 1556–57 (N.D.Cal.1984), *affirmed*, 761 F.2d 529 (9th Cir.1985), the jury trial clause of the seventh amendment, the ex post facto clause, the bill of attainder clause, *see, e.g., Hudson*, 766 F.2d at 1292, the free exercise clause and the petition for redress clause, *Franklet*, 578 F.Supp. at 1556. It has also withstood void for vagueness attacks, *see, e.g., Boomer v. United States*, 755 F.2d 696, 697 (8th Cir. 1985); *Brennen v. Commissioner*, 752 F.2d 187, 189 (6th Cir.1984); *Franklet*, 578 F.Supp. at 1557–58; *see also Jolly*, 764 F.2d at 644 n. 2.

This case is unusual in that the assessments of the $500 penalty under section 6702 did not survive the district court's *sua sponte* challenge to its applicability to these individuals. The government therefore appeals.

In all three of these consolidated cases, the appellees filed 1040 return forms in which they either left blank, inserted asterisks or wrote "object" in the spaces provided for answers to various questions, including the amount of tax owing. All made a conclusory statement to the effect that they refused to answer on the grounds of self-incrimination, but none made any attempt to demonstrate that there was a possibility of actual prosecution for non-tax crimes.

■ The IRS imposed $500 penalties in each case under section 6702. That section provides that if:

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

The appellees all invoked the procedures of 26 U.S.C. § 6703(c) which provides that a taxpayer who pays fifteen percent of the penalty within 30 days may seek both a refund and a determination of the appropriateness of the penalty in district court.[1]

The legislative history of the penalty provision shows that Congress expressly intended it to be used against individuals who file returns like these. The relevant

---

**1.** There is a jurisdictional problem with respect to Appellee Samski's district court claim. The review procedures of section 6703(c) require filing a refund petition in district court within 30 days after notice and demand of a penalty under Section 6702 has been made. Samski did not make the requisite fifteen percent payment and refund claim until the 31st day. The district court invoked the provisions of Fed.R. Civ.P. 6(e) which extends the time limitations under the Federal Rules of Civil Procedure by three days in the event that service is by mail. Even if we were to apply the Rules of Civil Procedure to this administrative procedure, Rule 6(e) would not help Samski. We apply the rule only when the time period runs from the time of "service" of a notice or paper, and not when it runs from date of mailing. *Hatchell v. United States*, 776 F.2d 244, 246 (9th Cir.1985); *see also Carr v. Veterans Administration*, 522 F.2d 1355, 1357 (5th Cir.1975). We have held that the 30-day period under section 6703(c) starts to run on the date that the government mails the notice and demand. *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir.1985). Rule 6(e) would therefore not appear to apply. Even if the district court did properly exercise jurisdiction over Samski's claim, however, our decision in the other two cases would be controlling on the merits of Samski's claim.

Senate report states "the penalty will be immediately assessable against any individual filing a return in which many or all of the line items are not filled in except for references to spurious constitutional objections." S.Rep. No. 97–494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1024. These individuals did not answer the line items. Their generalized fifth amendment objections were spurious, as we have repeatedly held. The fifth amendment's self-incrimination clause provides no right to taxpayers to refuse to provide the IRS with financial information unless they make some showing that there is an appreciable possibility of prosecution for a non-tax crime. *See, e.g., Hudson,* 766 F.2d at 1291; *Boday,* 759 F.2d at 1474; *McCoy v. Commissioner,* 696 F.2d 1234, 1236 (9th Cir.1983); *Edwards v. Commissioner,* 680 F.2d 1268, 1270 (9th Cir.1982) (per curiam); *United States v. Neff,* 615 F.2d 1235, 1238–40 (9th Cir.), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). Appellees made no such showing in this case. They fall squarely within the class of objectors Congress intended to penalize.

The district court, however, focused on Congress' use of the word "self-assessment" in the statute. 615 F.Supp. 1054. In the district court's view, a "self-assessment" within the meaning of the statute requires a numerical figure; the leaving of the lines blank could not constitute an assessment. Thus, under the district court's interpretation, if an individual asserted a tax liability of "zero," together with a refusal to answer other questions on spurious fifth amendment grounds, he would be subject to the penalty. If the individual left the tax liability lines blank, for the same spurious reasons, he would not be subject to the penalty.

■ We respect the district court's diligence and creativity. We believe, however, that Congress' use of the word "self-assessment" lends itself to a broader interpretation: one which encompasses more than numerical responses to questions concerning taxes owed, and which includes these individuals' refusals to furnish answers to such questions. This is because

such a refusal amounts to an assertion that the individual is assessing no amount of taxes against himself on his return. It is a return which shows no tax liability and no recognizable basis for reaching such a conclusion. It is the functional and legal equivalent of a self-assessment of "zero." Such a return "does not contain information on which the substantial correctness of the self-assessment may be judged" within the meaning of section 6702.

Our construction of the statute is consistent with clear congressional intent to penalize individuals who file returns like those filed by the appellees. The constricted interpretation of the district court is in the teeth of it. In the tax field as in any other, our duty is to give effect to congressional intent rather than to frustrate it. *See, e.g., Department of Health & Welfare, State of Idaho v. Block,* 784 F.2d 895, 901 (9th Cir.1986) (per curiam); *Brooks v. Donovan,* 699 F.2d 1010, 1011 (9th Cir.1983); *Heppner v. Alyeska Pipeline Service Co.,* 665 F.2d 868, 871–72 (9th Cir.1981); *International Telephone & Telegraph Corp. v. General Telephone & Electronics Corp.,* 518 F.2d 913, 917–18 (9th Cir.1975).

We therefore hold that a taxpayer who has refused to answer questions concerning the amount of taxes due has made a self-assessment that no tax is owing. Such a return does not contain information from which the substantial accuracy of that assessment can be judged. Since the reasons advanced for the failure are spurious, the penalty provisions apply.

The district court's entry of summary judgment in favor of the appellees is therefore reversed and the matter remanded with instructions to enter summary judgment in favor of the government.