**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ted H. KIMBALL,
Defendant–Appellant.**

No. 87–1392.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 1988.

Decided Feb. 26, 1990.

Donald W. MacPherson, MacPherson &
McCarville, Phoenix, Ariz., for defendant-appellant.

William A. Maddox, U.S. Atty., and Jeffrey B. Setness, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Before NELSON, REINHARDT and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

Kimball appeals from his conviction on three counts of willful failure to file an income tax return in violation of 26 U.S.C. § 7203. On appeal, Kimball alleges several errors, including a claim that the forms he submitted to the Internal Revenue Service ("IRS") constituted "returns" under the statute, thus precluding as a matter of law his conviction for failure to file a return. We agree and reverse.

I

In April 1981, after the IRS had sent him four notices of delinquency, Kimball filed an IRS Form 1040 for the year 1979 on which he wrote only asterisks in the spaces provided and signed his name "Ted Kimball" at the bottom of the form. The asterisks referred to a sentence stating: "This means that specific objection is made under the 5th Amendment, U.S. Constitution. Similar objection is made to the question under the 1st, 4th, 7th, 8th, 9th, 10th, 13th, 14th, and 16th Amendments for civil issues." The IRS responded by sending a registered letter warning Kimball that such a submission was inadequate and might subject him to prosecution for failure to file an income tax return. Kimball acknowledged receipt of the letter.

Kimball submitted similar forms for 1980, 1981, and 1982 as the returns for those years fell due. Each time, the IRS sent him warning letters.

During these years, Kimball participated in the American Law Association ("ALA"), a tax shelter program run by one Dahlstrom. Because he funneled his income

through a series of foreign trusts as counseled by ALA, Kimball claims that he was not required to file more complete income tax information. He did not notify the IRS that he had created these trusts.

In 1979, the IRS issued a position paper disapproving the ALA, and, in 1982, the tax court ruled it illegal. *Zmuda v. Commissioner*, 79 T.C. 714 (1982), *aff'd*, 731 F.2d 1417 (9th Cir.1984). Dahlstrom and four others who had promoted the ALA were later convicted of conspiracy to defraud the government. In 1983, we overturned those convictions, in part because the program's legality was unsettled when the defendants had taken the actions described in the indictment. *See United States v. Dahlstrom*, 713 F.2d 1423 (9th Cir.1983), *cert. denied*, 466 U.S. 980, 104 S.Ct. 2363, 80 L.Ed.2d 835 (1984).

In 1986, Kimball was charged with three counts of willful failure to file income tax returns in violation of 26 U.S.C. § 7203, specifically for the years 1979, 1980, and 1981. Kimball waived his right to trial before a federal district judge and consented to be tried by a jury in front of a federal magistrate. The jury found Kimball guilty on all three counts. In August 1986, the magistrate sentenced him to three consecutive one-year terms and ordered him to pay $30,000 in fines and the costs of his prosecution. Kimball subsequently filed a notice of appeal with the federal district court for the district of Nevada. On December 1, 1987, the district court affirmed the order of conviction. Kimball now timely appeals to this court.

## II

The government must establish three elements to prove willful failure to file an income tax return in violation of 26 U.S.C. § 7203.[1] It must show that a taxpayer was required to file a return, that he failed to file a return, and that his failure to file was willful. *United States v. Brodie*, 858 F.2d 492, 497 (9th Cir.1988).

Kimball argues that his conviction must be overturned because, as a matter of law, he filed "returns" under section 7203 for the years in question, thus making a showing of proof under the second element impossible. The government, however, responds that because Kimball failed to "appeal" the magistrate's ruling that the forms he submitted to the IRS did not constitute "returns" under section 7203, he is precluded from raising this issue on the appeal before us.

■ As a general rule, we will not consider an issue raised for the first time on appeal. *Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir.1987); *Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir.1985). We recognize, however, three exceptions to this general rule, and will consider an issue: (1) when its review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process; (2) when a change in law raises a new issue while an appeal is pending; and (3) when the issue is purely one of law. *Jovanovich*, 813 F.2d at 1037; *Bolker*, 760 F.2d at 1042. The issue of whether Kimball's submissions constituted "returns" fits squarely within category three, as it is purely a question of law. *See United States v. Malquist*, 791 F.2d 1399, 1401 (9th Cir.) (quoting *United States v. Grabinski*, 727 F.2d 681 (8th Cir.1984)), *cert. denied*, 479 U.S. 954, 107 S.Ct. 445, 93 L.Ed.2d 394 (1986). In addition, the issue is obviously central to the case, as Kimball's liberty turns on its resolution; thus, it is sufficiently important to warrant an exercise of our discretion to consider it. *See In re Howell*, 731 F.2d 624, 627 (9th Cir.), *cert. denied*, 469 U.S. 933, 105 S.Ct. 330, 83 L.Ed.2d 266 (1984). We now turn to the merits of Kimball's contention.

1. This section provides in relevant part:
   Any person required ... to make a return, keep any records, or supply any information, who *willfully* fails to ... make such return, keep such records, or supply such information, at the time, or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution....
   26 U.S.C. § 7203 (emphasis added).

## III

Generally, under section 7203, a document that contains no information relating to a taxpayer's income from which the tax owed can be computed does not constitute a "return." *United States v. Klee,* 494 F.2d 394, 397 (9th Cir.), *cert. denied,* 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974). In *Klee,* the taxpayer had filed a blank form with a statement declining to provide the requisite information without any reason.

We have held, however, that a form with "zeros" inserted in the spaces reserved for entering exemptions, income, tax, and tax withheld qualified as a "return" under section 7203, even though the information may be false. *United States v. Long,* 618 F.2d 74, 75–76 (9th Cir.1980). In *Long,* we distinguished the taxpayer's submitted documents from "cases in which defendants failed to complete tax forms or left them blank," suggesting that section 7203 would apply only in cases where no document was filed or where the forms were left blank. *Id.* We are not told if the *Long* taxpayer, like Kimball, did not provide his name and social security number on the forms. Even if the *Long* taxpayer did provide such information, it would not be a crucial distinction.

In *Fuller v. United States,* 786 F.2d 1437 (9th Cir.1986), we considered whether the IRS had properly assessed fines for filing frivolous returns within the meaning of 26 U.S.C. § 6702.[2] The taxpayers had filed either blank tax forms or forms on which they inserted asterisks or wrote "object" in the spaces provided. In considering whether such completed documents satisfied a "self-assessment" under section 6702, we observed that "self-assessment" includes "these [taxpayers'] refusals to furnish answers to such questions. This is because such a refusal amounts to an assertion that the individual is assessing no amount of taxes against himself on his return. . . . It is the functional and legal equivalent of a self-assessment of 'zero.' " *Fuller,* 786 F.2d at 1439. Although we concluded that section 6702's penalty provision applied because the filing did not "contain information from which the substantial accuracy of the assessment can be judged," we determined that such a filing nonetheless constituted a "return" under section 6702. *Id.*

■ Here, Kimball did not leave the tax forms blank with an unexplained refusal to provide the requisite information. Like the *Fuller* taxpayers, Kimball filed tax forms which he completed with asterisks that referred to his constitutional objections. In light of *Fuller,* it would be inconsistent to determine that Kimball's filings, completed with asterisks referring to his constitutional objections, do not constitute "returns" under section 7203 while the *Fuller* taxpayers' similarly-completed filings do constitute "returns," albeit frivolous ones, under section 6702. Therefore, although Kimball's filings might well be frivolous under section 6702, we must conclude that they are nevertheless "returns" under section 7203.[3]

---

**2.** This section provides that if:
(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
    (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
    (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
(2) the conduct referred to in paragraph (1) is due to—
    (A) a position which is frivolous, or
    (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
then such individual shall pay a penalty of $500. 26 U.S.C. § 6702.

**3.** By our holding, we do not mean to suggest that submitting Form 1040s to the IRS without any corresponding attempt to provide accurate information on them is licit taxpayer activity. By no means do we approve such behavior. We hold only that Kimball's filings here were enough to preclude criminal prosecution under section 7203. He may well be open to prosecution for other tax related crimes, *Long,* 618 F.2d at 76 n. 4, and Kimball may very well be subject to penalties under 26 U.S.C. § 6702. That section of the Code penalizes filing a frivolous return, defined as one which "does not contain information from which the *substantial accuracy* of [taxpayer's] assessment [of tax liability] can be judged." *Fuller,* 786 F.2d at 1439 (emphasis supplied).

In coming to this conclusion, we are mindful of our holding in *United States v. Malquist*, 791 F.2d 1399 (9th Cir.1986) but do not find it controlling here. In *Malquist*, we held that a district court's jury instruction, stating that forms on which the taxpayer wrote "object" in all the provided spaces were not income tax returns under section 7203, did not constitute "plain error." The plain error standard of a review is a particularly stringent one. "Reversal of a criminal conviction on the basis of plain error is an exceptional remedy, which we invoke only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." *United States v. Bustillo*, 789 F.2d 1364, 1367 (9th Cir.1986). Moreover, we have acknowledged that a ruling that may constitute error may nonetheless not rise to the level of plain error. *United States v. Kessi*, 868 F.2d 1097 (9th Cir.1989). Since we reviewed the jury instruction in *Malquist* only for plain error, it is not particularly instructive on what constitutes a return under section 7203.

*United States v. Bergman*, 813 F.2d 1027 (9th Cir.), *cert. denied*, 484 U.S. 852, 108 S.Ct. 154, 98 L.Ed.2d 110 (1987), is also inapplicable here. Although the defendant in that case had written asterisks on his tax filings indicating his objections under the Constitution, he did not contend on appeal that by using these asterisks he had filed a "return" within the meaning of section 7203.[4]

### IV

Because we hold that the completed Form 1040s Kimball submitted to the IRS for the 1979, 1980, and 1981 years constituted "returns" as a matter of law under section 7203, we must reverse his conviction as to all three counts of willful failure to file income tax returns.

REVERSED.

---

**4.** Since we reverse Kimball's convictions because he filed "returns" under section 7203, we need not address Kimball's other contentions of error.