**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ted H. KIMBALL,**
**Defendant–Appellant.**

No. 87–1392.

United States Court of Appeals,
Ninth Circuit.

Submitted En Banc Jan. 31, 1991 \*.

Decided Feb. 19, 1991.

---

\* The en banc court finds this case appropriate for submission without oral argument pursuant to

Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Donald W. MacPherson, MacPherson & McCarville, Phoenix, Ariz., for defendant-appellant.

Robert E. Lindsay, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before WALLACE, Chief Judge, BROWNING, TANG, FLETCHER, FARRIS, BEEZER, HALL, WIGGINS, BRUNETTI, KOZINSKI, and THOMPSON, Circuit Judges.

PER CURIAM:

Kimball appeals from his conviction on three counts of willful failure to file an income tax return in violation of 26 U.S.C. § 7203. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. A panel of this court reversed Kimball's conviction, holding that he had filed returns. *See United States v. Kimball,* 896 F.2d 1218 (9th Cir. 1990) (*Kimball*). We then granted rehearing en banc. *See United States v. Kimball,* 914 F.2d 1386 (9th Cir.1990). Now in our en banc capacity, we vacate the original opinion in part and remand the appeal to the original panel.

Kimball wrote only asterisks in the spaces provided on the income tax forms at issue and signed his name. The remainder of the facts are outlined in the original opinion. *See Kimball,* 896 F.2d at 1218–19.

Kimball contends that his 1040 forms constitute returns as a matter of law. As a general rule, a document "which does not contain any information relating to the taxpayer's income from which the tax owed can be computed" is not a return within the meaning of section 7203. *United States v. Klee,* 494 F.2d 394, 397 (9th Cir.) (*Klee*) (quoting *United States v. Porth,* 426 F.2d 519, 523 (10th Cir.), *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970), and citing *United States v. Daly,* 481 F.2d 28, 29 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973)), *cert. denied,* 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974). Here, Kimball's 1040 forms contain no financial information whatsoever, and therefore, appear squarely within the rule of *Klee.* Other circuits considering documents similar to Kimball's have held they do not constitute returns. *See, e.g., United States v. Upton,* 799 F.2d 432, 433 (8th Cir.1986); *United States v. Green,* 757 F.2d 116, 121 (7th Cir.1985); *United States v. Heise,* 709 F.2d 449, 451 (6th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 285, 78 L.Ed.2d 262 (1983); *United States v. Booher,* 641 F.2d 218, 219 (5th Cir.1981).

The three-judge panel, however, held that the 1040 forms filed by Mr. Kimball

did constitute "returns" on the basis of *United States v. Long,* 618 F.2d 74, 75–76 (9th Cir.1980) (*Long*) (a form containing only zeros entered in the spaces provided for exemptions, income, tax, and tax withheld constitutes a return under section 7203), and *Fuller v. United States,* 786 F.2d 1437, 1439 (9th Cir.1986) (taxpayers filing blank tax forms or forms containing only asterisks or the word "object" in the spaces provided for financial information had filed purported returns under section 6702). *See Kimball,* 896 F.2d at 1220. We conclude *Long* and *Fuller* do not control.

Turning first to *Fuller,* we point out that the questions presented by section 7203 in this appeal and section 6702 in *Fuller* are distinct. Section 7203 asks whether the taxpayer has filed a return. *See* 26 U.S.C. § 7203 ("Any person ... who willfully fails to ... make such return"). Section 6702 raises a different issue: whether the taxpayer has filed a *purported* return. *See* 26 U.S.C. § 6702 ("any individual [who] files what purports to be a return"). We have previously observed this distinction in *Bradley v. United States,* 817 F.2d 1400, 1403 (9th Cir.1987), where we held that "[s]ection 6702 requires only that the document filed *purport* to be a tax return, not that it actually be a tax return." We should not rely on any superficial similarity between sections 6702 and 7203. It is not incongruous to hold that an individual has failed to file a tax return under section 7203 and, nonetheless, has filed a frivolous purported return under section 6702. One can submit a document which purports to be a tax return, but which fails to meet the requirements for filing.

Nor does *Long* assist Kimball because its reasoning excludes the facts of his case:

> The zeros entered on Long's tax forms constitute "information relating to the taxpayer's income from which the tax can be computed." The I.R.S. could calculate assessments from Long's strings of zeros, just as it could if Long had entered other numbers. The resulting assessments might not reflect Long's actual tax liability, but some computation was possible.

*Long,* 618 F.2d at 75, *quoting Klee,* 494 F.2d at 397. *Long* properly turns on the presence or absence of financial information, in keeping with *Klee.* "Nothing can be calculated from a blank, but a zero, like other figures, has significance. A return containing false or misleading figures is still a return." *Id.* at 76. Here, as with *Long*'s hypothetical blank form, nothing can be calculated from Kimball's asterisks. A proper reading of *Long* demonstrates that Kimball did not file a return.

*Long*'s distinction is admittedly formalistic. It may be that whether a form contains zeros, asterisks, or nothing at all, it makes essentially the same point: the taxpayer refuses to report income. We nevertheless reaffirm *Long*'s analysis. A line must be drawn somewhere, and given the need for clear law on an arcane point, it should be as bright as possible. *Long* accomplishes that, consistent with *Klee.*

We hold that the district court correctly ruled that Kimball's 1040 forms do not constitute returns. Therefore, we vacate sections III and IV of the original *Kimball* opinion. *See Kimball,* 896 F.2d at 1220–21. We need not pass on the remainder of the panel opinion. Nor can we affirm Kimball's conviction at this stage. Kimball has made other allegations of error, which the three-judge panel did not reach in reversing on the ground discussed. *See id.* at 1221 n. 4. Thus, we remand the appeal to the three-judge panel to consider Kimball's remaining contentions.

**VACATED IN PART AND REMANDED.**