942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary R. MASON, Defendant-Appellant.
 No. 90-35300.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1991.*
Aug. 30, 1991.
 
 Before KILKENNY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mason appeals from the district court's denial of his petition for relief under 28 U.S.C. § 2255. We review de novo a district court's decision to deny a section 2255 petition, Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991), while we examine for clear error any factual findings upon which the district court based its ruling. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990). We affirm.
 
 
 3
 Mason first argues that his allegedly disparate sentence reflects the fact that he was impermissibly penalized for exercising his right to trial. We disagree. Any sentencing disparity that appears to exist between Mason and his codefendants is adequately explained by the fact that Mason was a principal organizer of the fraudulent scheme who was convicted of more than twice as many counts as any of his codefendants. Because Mason was properly sentenced under pre-Guideline law, we also reject his contention that his sentence differs from what he might have received under the Sentencing Guidelines.[1]
 
 
 4
 We also reject Mason's argument that he was denied the effective assistance of counsel. While revealing the time constraints under which he operated, William Waller's affidavit is not inconsistent with the record's showing that Mason requested and received as substituted counsel of his choice an experienced criminal tax lawyer who performed adequately the task of representing his client. Mason has failed to show not only that Waller's performance was deficient but that this deficiency prejudiced his defense, i.e., but for counsel's alleged errors, the trial's outcome would have been different.[2] See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).
 
 
 5
 We also find no merit to Mason's argument that the district judge should have recused himself. Because Mason failed to allege and show actual bias or prejudice on the part of Judge Callister, we find no abuse of discretion in the trial court's denial of the motion. See Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987).
 
 
 6
 We find no merit to Mason's remaining arguments. Accordingly, the decision of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case should be submitted on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Mason raises this issue for the first time on appeal, we may address it because it presents no disputed questions of fact and turns purely on a question of law. See United States v. Kimball, 896 F.2d 1218, 1219 (9th Cir.1990)
 
 
 [2]
 By holding as we do, we necessarily reject Mason's argument that his counsel had inadequate time to prepare for trial. The record shows that Waller assured the court that he would be prepared for trial without a continuance and that Mason consented thereto. We decline to reach the merits of Mason's arguments concerning Waller's alleged failure to advise Mason that he had to testify in order to preserve an issue for appeal, and Waller's failure to play for the jury a tape recording in its entirety, as these arguments were not first presented to the district court. See United States v. Doremus, 888 F.2d 630, 633 n. 3 (9th Cir.1989)