988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alberto LIZERAZO-VILLEGAS, Defendant-Appellant.
 No. 92-50455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-91-0057-AHS, Alicemarie H. Stotler, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, CANBY and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alberto Lizerazo-Villegas appeals his sentence under the Sentencing Guidelines, imposed following his conviction by guilty plea to attempted money laundering in violation of 18 U.S.C. § 1956(a)(1). Lizerazo-Villegas contends that he was entitled to a downward adjustment in his base offense level for his role as a minimal or minor participant in the offense. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A defendant waives his right to challenge an adjustment to his offense level under the Sentencing Guidelines if he does not object to the adjustment proposed in the presentence report. United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 
 4
 Here, the presentence report did not recommend a downward adjustment for Lizerazo-Villegas's role in the offense, and Lizerazo concedes that he never requested one. Nevertheless, he contends that he preserved the issue for appeal because, at his sentencing hearing, he made an oral motion for downward departure based in part on his claim that he was far less culpable than his codefendants, having served essentially as a "mule." The district court declined to depart on this basis.[1]
 
 
 5
 Although the motion for departure did raise the issue of Lizerazo-Villegas's role in the offense, at no time was the district court presented with a request for a downward adjustment based on minor or minimal participation. Accordingly, Lizerazo-Villegas has waived this issue. See Visman, 919 F.2d 1390, 1393.
 
 
 6
 Lizerazo contends that even if the issue is raised for the first time on appeal, we should consider his claim because it is a purely legal issue. In general, we will not consider an issue raised for the first time on appeal, but we may consider an issue raised for the first time on appeal if it is purely one of law. United States v. Kimball, 896 F.2d 1218, 1219 (9th Cir.1990), vacated in part on other grounds, 925 F.2d 356 (1991) (en banc). Whether a defendant's role in the offense was sufficiently limited to warrant a downward adjustment is, however, largely a factual determination. See United States v. Petti, 973 F.2d 1441, 1446-1448 (9th Cir.1992). Therefore, it does not fall within this exception to the general rule. See Kimball, 896 F.2d 1218, 1219.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lizerazo does not challenge the district court's refusal to depart