15 F.3d 1091
 73 A.F.T.R.2d 94-663
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daryl DRUMMOND, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Janet DRUMMOND, aka Janet N. DiSanti, Defendant-Appellant.
 Nos. 93-50113, 93-50120.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided Dec. 23, 1993.
 
 Before: BROWNING, BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this consolidated appeal, Daryl Drummond contends that there was insufficient evidence to support his convictions for subscribing to false tax returns in violation of 26 U.S.C. Sec. 7206(1). Daryl and Janet Drummond challenge those convictions as well as Janet's convictions for failure to file a federal tax return in violation of 26 U.S.C. Sec. 7203 and for subscribing to a false tax return in violation of 26 U.S.C. Sec. 7206(1). They contend that the district court erred by admitting into evidence photocopies of their tax returns; by admitting statements and a document obtained from the Drummonds' attorney; and by failing to sever two improperly joined counts in the superceding indictment. We have jurisdiction pursuant to 18 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Daryl Drummond contests the sufficiency of the evidence supporting his conviction for understating his income for tax year 1983. Specifically, he contends that since he was eligible under civil tax principles to report his community property share of marital income for 1983, his return actually overstated his tax liability.
 
 
 4
 Viewing the evidence in the light most favorable to the government, we must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991), cert. denied, 112 S.Ct. 3055 (1992).
 
 
 5
 As we noted in United States v. Marashi, 913 F.2d 724, 736 (1990), "[s]ection 7206(1) is a perjury statute; it is irrelevant whether there was an actual tax deficiency." Moreover, in United States v. Miller, 545 F.2d 1204, 1214-15 (1976), we refused to automatically apply constructive distribution rules to income diverted from a corporation without adequate earnings & profits, concluding that civil rules apply to criminal cases only when the taxpayer demonstrates that he or she intended to file a return pursuant to a particular rule or procedure. 545 F.2d at 1215. Drummond made no such demonstration. In fact, he evinced a contrary intent by checking the "single" box on his 1040 Form and understating his income. The jury could have rationally found that this conjunction of acts constituted a false statement proscribed by Sec. 7206(1).
 
 II
 
 6
 Daryl Drummond also contends that his conviction based on his 1984 return was not supported by sufficient evidence. Specifically, he argues that the form he submitted was not a "return" and, thus, could not support a conviction for failing to disclose that he was engaged in a business activity.
 
 
 7
 Drummond's reliance on United States v. Kimball, 925 F.2d 356 (9th Cir.1991) (en banc) is misplaced. In United States v. Long, 618 F.2d 74, 75-76 (9th Cir, 1980), we held that a document listing only " 0 " § is a "return" within the meaning of Sec. 7203 because it contains "information relating to the taxpayer's income from which the tax can be computed." It is notable that our decision in Kimball distinguished Long. 925 F.2d at 358. The "0" and the "$7000" figures Drummond entered on his 1040 Form constituted information "from which the tax can be computed." 618 F.2d at 75-76.
 
 III
 
 8
 Daryl and Janet Drummond contest the district court's admission into evidence of photocopies of their tax returns. They argue that the photocopies were admitted in violation of the Best Evidence Rule. They also argue that the government's destruction of the original returns, including a "special note" they maintain was attached to the returns, was violative of due process.
 
 
 9
 * Questions of the admissibility of evidence which involve factual determinations, rather than questions of law, are reviewed for an abuse of discretion. United States v. Wood, 943 F.2d 1048, 1055 n. 9 (9th Cir.1991).
 
 
 10
 The photocopied tax records were admissible under F.R.E. 1004(1). The Drummonds' reliance on Seiler v. Lucasfilm, Ltd., 808 F.2d 1316 (9th Cir.1986), is misplaced. In Seiler, we upheld the district court's refusal to admit subsequently prepared reconstructions of drawings, which the plaintiff claimed had been lost, on the strength of the finding that the plaintiff had lied, deliberately destroyed or hid the originals and acted in bad faith. Id. at 1318.
 
 
 11
 Pursuant to F.R.E. 1008, the district court determined that the Service was merely negligent in inadvertently having the Drummond's tax records destroyed despite the continuing investigation. This finding was not clearly erroneous. The district court did not abuse its discretion in admitting the tax records into evidence.
 
 B
 
 12
 We review de novo whether the government's failure to preserve potentially exculpatory evidence violates the defendants' due process rights. United States v. Cooper, 983 F.2d 928, 931 (9th Cir.1993).
 
 
 13
 In Cooper, we upheld the dismissal of the indictment because of the government's stipulated bad faith in destroying what it characterized as methamphetamine laboratory equipment. Id. at 929. Central to our decision was that the defendants lost "a comparable, alternative means to support their assertion of innocence" because of the government's bad faith destruction of evidence. Id.
 
 
 14
 Our decision in Cooper is inapposite. Unlike the defendants in Cooper, the Drummonds cannot plausibly maintain that the government's action deprived them of "a comparable, alternative means to support their assertion of innocence." Unlike the equipment in Cooper, the "special note" could be easily duplicated. In fact, a copy of the "special note" was admitted into evidence. Also, as noted above, the district court found that the Service had not acted in bad faith in having the Drummonds' tax records destroyed.
 
 IV
 
 15
 The Drummonds contest the admission into evidence of statements and a partnership tax form obtained from their attorney, Barton Sheela, during a March 21 pre-indictment meeting with government attorneys. They argue that the statements were inadmissible because they were obtained during plea discussions in violation of F.R.E. 410(4) and Fed.R.Crim.P. 11(e)(6). The Drummonds also contend that communications taking place between them and Barton Sheela before and after the March 21 meeting were admitted in violation of the attorney-client privilege.
 
 
 16
 * A statement is made in the course of plea discussions if the suspect subjectively and reasonably believes that he or she was negotiating a plea, given the totality of the circumstances. United States v. Leon Guerrero, 847 F.2d 1363, 1367 (9th Cir.1988) (following United States v. Robertson, 582 F.2d 1356, 1366 (5th Cir.1978). Whether the parties were engaged in plea discussions is a factual finding reviewed for clear error. United States v. Sitton, 968 F.2d 947, 956 (9th Cir.1992).
 
 
 17
 Our decisions have defined plea discussions restrictively. Plea discussions can be reasonably said to occur when the suspect makes, or offers to make, an admission in order to receive a concession. See e.g., Leon Guerrero, 847 F.2d at 1367 (an offer to cooperate is not an offer to plead guilty and, thus, was not made in the course of plea discussions); United States v. Doe, 655 F.2d 920, 925 (9th Cir.1980) (no plea discussions, in part, because no evidence that the defendant "ever pled or offered to plead guilty").
 
 
 18
 Even if Sheela subjectively believed that he was engaged in plea discussions on the Drummonds' behalf, his belief was not reasonable. Although the government extended an offer to settle one day prior to the March 21 meeting, neither of the Drummonds expressed any intention to plead guilty or to make an admission of some kind. The meeting was nothing more than an attempt to present exculpatory evidence to stave off an indictment. In short, the Drummonds were not seeking a concession; they sought outright surrender.
 
 
 19
 Even if there were clear error, it was more probably than not harmless. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991). The Drummonds were acquitted on the counts to which the information gleaned from Sheela was directly relevant. This information was, at best, cummulative with regard to the counts on which the Drummonds were convicted.
 
 B
 
 20
 Whether communications are protected by the attorney-client privilege is a mixed question of law and fact which we review de novo. Dole v. Milonas, 889 F.2d 885, 888-89 (9th Cir.1989).
 
 
 21
 The district court concluded that the communications at issue came within the crime/fraud exception. Communications within the exception are not privileged. United States v. Zolin, 491 U.S. 554, 562-63 (1988). It is axiomatic that to invoke this exception the government must first make out a prima facie case that "the attorney was retained to promote intended ... criminal or fraudulent activity." United States v. De la Jara, 973 F.2d 746, 748 (9th Cir.1992) (citations and internal quotations omitted).
 
 
 22
 Unfortunately, the record does not provide an adequate basis on which we can evaluate the sufficiency of the government's prima facie showing. See De la Jara, 973 F.2d at 748-49 (error to admit arguably privileged letter absent government's prima facie showing). However, even if the district court erred in concluding that the government made a sufficient prima facie showing, any error would be harmless because of the Drummonds' subsequent acquittal on the directly relevant counts and of the cummulative nature of the information revealed.
 
 V
 
 23
 The Drummonds' contention that the obstruction and false statement counts added to their superceding indictment were improperly joined was never raised at trial. This issue was not properly preserved for appeal.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3