85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pamela RIDLEY, Defendant-Appellant.
 No. 95-30368.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pamela Ridley appeals her conviction by guilty plea to using or carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Ridley contends that her conviction for using or carrying a firearm during and in relation to a drug trafficking crime under § 924(c)(1) must be reversed in light of the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 Ridley was charged with "using" or "carrying" of a firearm under § 924(c)(1). The government concedes that Ridley may not have "used" the firearm in relation to drug trafficking. Nevertheless, the government relies on a statement by Ridley in her presentence report to contend that by transporting the firearm with the drugs at issue from California to Montana, Ridley "carried" the firearm in relation to drug trafficking.[1] The government asserts, however, that Ridley has waived her right to appeal this issue because she admitted "carrying" a firearm in her plea agreement, and she failed to object to the government's offer of proof at the plea hearing.
 
 
 4
 Generally, issues raised for the first time on appeal are considered waived. See United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). This court, however, has discretion to consider issues raised for the first time on appeal when: 1) review is necessary to prevent a miscarriage of justice; 2) a change in law raises a new issue while an appeal is pending; and 3) the issue is purely one of law. United States v. Kimball, 896 F.2d 1218 (9th Cir.1990). In light of the Supreme Court's recent decision in Bailey v. United States, 116 S.Ct. 501 (1995), and this court's decision in United States v. Hernandez, No. 95-30007, slip op. 779 (9th Cir. Jan. 31, 1996), Ridley's failure to object to the government's offer of proof regarding whether she "carried" a firearm in relation to drug trafficking does not preclude this court's review of her appeal.
 
 
 5
 To sustain a conviction under the "use" prong of § 924(c)(1), "the government must show that the defendant actively employed the firearm during and in relation to the predicate crime." Bailey, 116 S.Ct. at 509. Here, there is no evidence that the gun was actively employed, disclosed or mentioned by Ridley during the act of obtaining and transporting the methamphetamine. See id. at 508. Rather, the police found the gun in a gray, hard-plastic hinged box in a bedroom of Ridley's home during a search after she had returned from Montana. Therefore, the factual basis to support Ridley's guilty plea and conviction for "using" a firearm in relation to drug trafficking under § 924(c)(1) is insufficient. Nevertheless, because the district court did not consider Ridley's liability under the "carrying" prong of § 924(c)(1), this matter is remanded to the district court for consideration of that basis for conviction consistent with Bailey and Hernandez.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "According to Ridley, the firearm had been packed away on the trip to California, but was brought out and placed with the methamphetamine on the return trip to Missoula." Presentence Report at page 7, para. 18