James TATE, M.D., Plaintiff–Appellant,

v.

UNIVERSITY MEDICAL CENTER; Alex Little, M.D.; Terry Lewis, M.D.; Robert Buckley, M.D.; Paul Bandt, M.D.; Dale Carrison, M.D.; Scott H. Bjerke, M.D.; Anthony Serfustini, M.D.; Jackie Taylor, Defendants–Appellees.

No. 00–15977.
DC No. CV 96–0914 HDM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2001.

Decided Aug. 6, 2001.

Before REINHARDT, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM *

Dr. James Tate appeals from the district court's grant of summary judgment in favor of defendants on his race discrimination claim under 42 U.S.C. §§ 1981, 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly found that Tate did not make an adequate showing that defendants' proffered, legitimate, nondiscriminatory reasons were pretextual. *See Tarin v. County of Los Angeles,* 123 F.3d 1259, 1264 (9th Cir.1997) (apply-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

ing the burden-shifting framework for Title VII claims to a § 1981 claim); *Stones v. Los Angeles Cmty. Coll. Dist.*, 796 F.2d 270, 275 (9th Cir.1986) (same for § 1983); *see also Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221–22 (9th Cir.1998) (describing the different ways of showing pretext in discrimination cases, and the quantum of proof necessary for each). As reasons for hiring another candidate instead of Tate, defendants stated that the other candidate: (1) had a superior research background and consequently greater future research potential; and (2) had superior leadership experience at Level I trauma centers. Tate has presented no evidence to show that either of these reasons is pretextual.

■ Nor has Tate properly presented direct evidence of discriminatory intent. On appeal he points to a statement by Dr. Buckley that indicates discriminatory intent, but he never made that argument to the district court, and the interests of justice do not require us to consider it. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030–31 (9th Cir. 2001) (holding that the district court is not required "to search the entire record for a genuine issue of fact"); *Slaven v. American Trading Trans. Co., Inc.*, 146 F.3d 1066, 1069 (9th Cir.1998) ("It is well-established that an appellate court will not consider issues that were not properly raised before the district court."); *United States v. Kimball*, 896 F.2d 1218, 1219 (9th Cir. 1990), *vacated in part by* 925 F.2d 356 (9th Cir.1991) (en banc) ("there are exceptions to this rule, including that review is necessary to prevent a miscarriage of justice"). In this case, the district court did not err by failing to base its ruling on evidence that Tate never brought to the court's attention.

Because we conclude that Tate has not made an adequate showing of pretext, we need not reach his other arguments. The judgment of the district court is therefore

**AFFIRMED.**