69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert J. DULINAWKA, Defendant-Appellant,
 No. 95-10080.
 United States Court of Appeals, Ninth Circuit.
 Submitted on Briefs Oct. 16, 1995.*
Decided Nov. 1, 1995.
 
 1
 Before: PREGERSON and FERNANDEZ, Circuit Judges, and McLAUGHLIN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Robert J. Dulinawka appeals from his convictions for making false statements to a federal agency in violation of 18 U.S.C. Sec. 1001 and perjury in violation of 18 U.S.C. Sec. 1621. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse in part and affirm in part.
 
 
 4
 * Standard of Review
 
 
 5
 This court reviews de novo a district court's denial of a motion to dismiss on double jeopardy grounds. United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991). "However, factual findings concerning governmental conduct, upon which the denial is based, are reviewed for 'clear error.' " Id. Matters of statutory construction are reviewed de novo. United States v. Polizzi, 801 F.2d 1543, 1547 (9th Cir.1986).
 
 II
 Background
 
 6
 Robert J. Dulinawka was summoned to appear before Magistrate Judge Johnston on April 9, 1993 for the misdemeanor offense of failing to file income tax returns. When Dulinawka appeared without counsel, Ms. Danice Johnson, the assistant federal public defender on duty that day, reported to the magistrate judge's courtroom for the purpose of representing Dulinawka.
 
 
 7
 Before Ms. Johnson's arrival, Laura Zemming, a legal assistant from the federal public defender's office, assisted Dulinawka in completing the required financial affidavit by asking him questions and inserting his answers in the spaces provided on the form. Dulinawka then signed the affidavit. The following warning appeared in bold, conspicuous type directly below the signature line: "WARNING: A FALSE OR DISHONEST ANSWER TO A QUESTION IN THIS AFFIDAVIT MAY BE PUNISHABLE BY A FINE OR IMPRISONMENT OR BOTH."
 
 
 8
 Dulinawka represented on the signed financial affidavit that he received $1,700 per month in retirement pay, $3,000 per year in savings-account interest, and owned three houses with a total value of $260,000.
 
 
 9
 The magistrate judge asked Ms. Johnson whether Dulinawka qualified for representation by the public defender. Ms. Johnson responded as follows:
 
 
 10
 A: Your Honor, apparently--our office just became aware of him this morning, and I came over. It's my understanding that he was just served on Wednesday and hasn't really had the opportunity to try to obtain counsel. However we did go ahead and fill out a financial affidavit on Mr. Dulinawka.
 
 
 11
 Q: And does he appear to qualify?
 
 
 12
 A: Yes, Your Honor.
 
 
 13
 Q: Okay, why don't you let me see that.
 
 
 14
 Then Dulinawka took the stand and was placed under oath. The magistrate judge inquired and Dulinawka answered as follows:
 
 
 15
 Q: Mr. Dulinawka, you have been handed a financial affidavit. Is that your signature at the bottom of the page?
 
 
 16
 A: Yes.
 
 
 17
 Q: Is the information on that form true and correct and complete, to the best of your knowledge?
 
 
 18
 A: It is true as listed, and as the questions asked of me, yes.
 
 
 19
 Q: Okay. You don't have any other assets or holdings that are not listed there that would change your financial position substantially?
 
 
 20
 A: This is true to the best of my knowledge, as I was asked, yes sir.
 
 
 21
 However, the following assets were omitted from the affidavit: a mutual fund worth approximately $220,000; two life insurance policies with cash surrender values of approximately $27,820 and $7,125, respectively; an IRA account with a cash surrender value of $10,737; and real estate located in Georgia worth approximately $31,500.
 
 
 22
 On February 16, 1994, Dulinawka was indicted for making false statements to a federal agency in violation of 18 U.S.C. Sec. 1001 and for perjury in violation of 18 U.S.C. Sec. 1621.
 
 
 23
 Prior to his trial, Dulinawka moved in limine to exclude evidence of his failure to file tax returns. After hearing arguments, the district court granted Dulinawka's motion as to opening statements but left undecided whether the evidence could be introduced at trial. The parties also entered into a stipulation, to be read to the jury at trial, which explained Dulinawka's appearance before the magistrate judge and the purpose of a financial affidavit.
 
 
 24
 At trial on August 25, 1994, a government witness testified about Dulinawka's prior tax problems. Dulinawka objected and moved for a mistrial, which the district court granted. On September 16, 1994, Dulinawka filed a motion to dismiss on double jeopardy grounds, which was denied. A second jury trial was held on September 21, 1994. Dulinawka was convicted on both counts.
 
 III
 Analysis
 A. Double Jeopardy
 
 25
 Dulinawka contends that the prosecutor's questions to elicit testimony about Dulinawka's prior tax problems violated the district court's ruling on the motion in limine and were intended to provoke Dulinawka into moving for a mistrial, thereby barring his retrial under the double jeopardy clause.
 
 
 26
 Where a mistrial has been declared at the request of a defendant, the double jeopardy clause does not bar retrial unless the defendant shows that the "conduct giving rise to the successful motion for mistrial was intended to provoke the defendant into moving for a mistrial." Oregon v. Kennedy, 456 U.S. 667, 679 (1982).
 
 
 27
 During Dulinawka's first trial, the prosecutor called Dulinawka's IRS case agent as a witness. The agent testified that she had been assigned to conduct an investigation regarding the IRS's information that Dulinawka had not filed federal income tax returns "since approximately 1974." The prosecutor pursued the subject, and the agent testified,
 
 
 28
 I found that the IRS had also had numerous contacts with Mr. Dulinawka in 1984 when they tried to get him to file returns. At that time he refused to file returns, and the IRS was forced to file substitute returns for him for the years '81, '82 and '83, I think.
 
 
 29
 Dulinawka objected and moved for a mistrial based on the district court's prior ruling on his motion in limine. At side-bar, the prosecutor stated that he had intended to inquire into why Dulinawka had failed to file the returns. He then stated to the court that he anticipated the following response from the agent:
 
 
 30
 And he [Dulinawka] said he didn't think it was a crime, he didn't think I [sic] had to do it, it was a mistake; there wasn't any willfulness.
 
 
 31
 The prosecutor argued that the evidence should be admitted under Fed.R.Evid. 404(b) on the grounds that both the failure to file tax returns and the false financial information on the affidavit reflected "a specific intent by him [Dulinawka] to perpetrate a fraud on the United States Government."
 
 
 32
 The district court granted Dulinawka's motion for mistrial. However, the judge stated that he could "understand the confusion" on the part of the prosecutor concerning the ruling on the motion in limine and explained,
 
 
 33
 I should say for the record that I'm not persuaded that counsel intentionally made inquiry, that there was a genuine misunderstanding.
 
 
 34
 Therefore, although the record shows that the prosecutor intended to elicit information about Dulinawka's failure to file tax returns, it does not show that the prosecutor intended to violate the district court's ruling on the motion in limine, and certainly not that the prosecutor intended "to induce defendant[ ] to request a mistrial." See Lun, 944 F.2d at 644. Accordingly, we find that Dulinawka has failed to meet his burden of demonstrating that the prosecutor intended to provoke him into moving for a mistrial.
 
 
 35
 Dulinawka asks us, in the alternative, to find that the prosecutor's actions at a minimum constituted "a willful and reckless disregard" of Dulinawka's right to have his case heard and a verdict returned by the jury originally empaneled, which "is equivalent to an intent to provoke the Defense into requesting a motion for mistrial." We decline to make such a finding. The issue before us is not whether the prosecutor intended to violate the district court's ruling on the motion in limine but, specifically, whether Dulinawka has met his burden of showing that the prosecutor intended to provoke him into moving for a mistrial. Kennedy, 456 U.S. at 679.[1] Dulinawka fails to show the requisite intent on the part of the government and provides no evidence to contradict the district court's finding that the government's actions were the result of a "genuine misunderstanding."
 
 
 36
 Accordingly, Dulinawka's motion to dismiss on double jeopardy grounds was properly denied.
 
 B. False Statements to Federal Agency
 
 37
 Dulinawka contends that his conviction for false statements to a federal agency should be reversed because the false statements at issue did not concern a "matter within the jurisdiction of any department or agency" as required by 18 U.S.C. Sec. 1001, which provides,
 
 
 38
 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly or willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.
 
 
 39
 At trial, Dulinawka conceded that the matter was "within the jurisdiction of any department or agency." Subsequently, in Hubbard v. United States, 115 S.Ct. 1754 (1995), the United States Supreme Court held that "a federal court is neither a 'department' nor an 'agency' within the meaning of Sec. 1001," expressly overruling United States v. Bramblett, 348 U.S. 503 (1955) (holding that the word "department," as used in 18 U.S.C. Sec. 1001, was meant to describe the executive, legislative, and judicial branches of the government). Hubbard, 115 S.Ct. at 1758, 1765. Here, Dulinawka's false statements were made to a federal magistrate judge and because a federal court is not a department or agency under 18 U.S.C. Sec. 1001, Dulinawka's conviction must be reversed.
 
 
 40
 The government argues that Hubbard is merely a plurality opinion and, therefore, this court's opinion in United States v. Powell, 708 F.2d 455 (1983), rev'd on other grounds, 469 U.S. 57 (1984), still controls.[2] We reject the government's argument because a majority of the Justices concurred in the relevant portion of the Hubbard opinion.[3]
 
 
 41
 Notwithstanding Dulinawka's concession at trial that his false statements were "within the jurisdiction of any department or agency," we apply the holding in Hubbard on review. In United States v. Mkhsian, 5 F.3d 1306 (9th Cir.1993), we held there are three exceptions to the general rule that an issue raised for the first time on direct appeal will not be considered: "(1) when review of the issue is required 'to prevent a miscarriage of justice or to preserve the integrity of the judicial process'; (2) when the issue arises by virtue of a change in law while the appeal is pending; or (3) when the issue to be reviewed is purely legal." Mkhsian, 5 F.3d at 1310 (quoting United States v. Kimball, 896 F.2d 1218, 1219 (9th Cir.1990), vacated in part, 925 F.2d 356 (9th Cir.1991) (en banc)).
 
 
 42
 The second and third exceptions enumerated in Mkhsian apply here. Not only was Hubbard (which changed this circuit's law as stated in Powell[4]) decided after Dulinawka's conviction, but the issue is one of statutory construction, which makes review particularly appropriate. See Mkhsian, 5 F.3d at 1311.
 
 
 43
 We also rely on Griffith v. Kentucky, 479 U.S. 314 (1987), in which the Supreme Court held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." Id., at 328; see also United States v. Montoya, 945 F.2d 1068, 1071 (9th Cir.1991) (applying new substantive law to a case on direct review).
 
 
 44
 Because we reverse Dulinawka's conviction for making false statements under 18 U.S.C. Sec. 1001, we do not reach his contention that there was insufficient evidence to support the conviction. We similarly decline to address the government's Rule 29(b) objection to Dulinawka's insufficiency of evidence claim.
 
 
 45
 Accordingly, Dulinawka's conviction for false statement to a federal agency is reversed.
 
 C. Perjury
 
 46
 Dulinawka argues there was insufficient evidence to support the jury's verdict finding him in violation of 18 U.S.C. Sec. 1621, which provides in pertinent part,
 
 
 47
 Whoever ... having taken an oath before a competent tribunal ... willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true ... is guilty of perjury.
 
 
 48
 18 U.S.C. Sec. 1621. To establish a violation of Sec. 1621, the government had to prove that Dulinawka gave "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 113 S.Ct. 1111, 1116 (1993). Dulinawka contends that his false testimony regarding the financial affidavit was the result of faulty memory, confusion, and nervousness; and, consequently, that his false testimony was not willful.
 
 
 49
 In reviewing the sufficiency of the evidence, we consider whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Feldman, 853 F.2d 648, 654 (9th Cir.1988). All evidentiary conflicts must be resolved in favor of the verdict. United States v. Gillock, 866 F.2d 220, 222 (9th Cir.1989).
 
 
 50
 The government cites substantial evidence in the trial record to support the jury's verdict. The evidence showed Dulinawka falsely testified that the information in the affidavit was true and that he did not have any other assets that would change his financial position substantially. The government demonstrated at trial that Dulinawka omitted substantial assets from the affidavit, including a mutual fund, two life insurance policies, an IRA account, and real estate located in Georgia.
 
 
 51
 Dulinawka argues that, in addition to being confused and nervous, he did not have the opportunity to read the affidavit completely and that the public defender diverted his attention by whispering in his ear. First, it is uncontroverted that the magistrate judge inquired about the accuracy of the financial affidavit twice and that Dulinawka stated that the information was true as listed on the affidavit. Second, the evidence showed that Dulinawka was an educated investor who regularly received monthly banking statements and annual forms for his investments. A rational trier of fact could have found that Dulinawka's false testimony was willful.
 
 
 52
 Dulinawka cites no evidence that his testimony did not concern a material matter. In contrast, the government's evidence showed that the purpose of Dulinawka's statements regarding the financial affidavit was to assist the magistrate judge in determining Dulinawka's financial status and deciding whether he qualified for appointment of the public defender.
 
 
 53
 Accordingly, the trial evidence was sufficient to support the jury's verdict that Dulinawka committed perjury beyond a reasonable doubt.
 
 IV
 Conclusion
 
 54
 The district court properly denied Dulinawka's motion to dismiss on double jeopardy grounds. Dulinawka's false statements to the magistrate judge were not within the scope of 18 U.S.C. Sec. 1001 and, therefore, Dulinawka's conviction under that statute is REVERSED. Because the evidence at trial was sufficient to support the jury's verdict finding Dulinawka guilty of perjury, Dulinawka's conviction under 18 U.S.C. Sec. 1621 is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Linda Hodge McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even a willful and reckless disregard for a defendant's rights that removes any meaningful choice between proceeding with the trial or seeking mistrial does not negate the burden of showing that the prosecutor intended defendant to move for a mistrial. See Lun, 944 F.2d at 646
 
 
 [2]
 In Powell, we relied on Bramblett and held that "[s]ection 1001 is applicable to matters before the judiciary." Id., at 457. Powell is overruled to the extent that it is inconsistent with this opinion
 
 
 [3]
 The following Justices concurred: Stevens, Scalia, Kennedy, Thomas, Ginsburg, and Breyer. See Hubbard, 1155 S.Ct. at 1756, 1765
 
 
 [4]
 See note 2, supra